No. 89.—THOMAS ANDERSON and others, plaintiffs in error, *vs.* JAMES M. SEGO, defendant in error.

[1.] A bill in Equity ought, in general, to be brought only in some county in which a defendant resides.

In Equity, in Dooly Superior Court. Decision on demurrer, by Judge POWERS, April Term, 1855.

A *fi. fa.* controlled by James Anderson, William Q. Anderson and Thomas Wooten, against Charles H. Rice, was levied upon certain lots of land in Dooly County, to which Sego interposed a claim. Subsequently, Sego filed a bill in Dooly Superior Court, setting out an equitable title in himself to these lots of land; and praying an injunction upon the owners of the *fi. fa.* and the Sheriff who levied it.

To this bill a demurrer was filed, among others, upon the ground, that neither of the defendants (except the Sheriff) was a resident of Dooly County.

The Court over-ruled the demurrer, and this decision is assigned as error.

DAWSON, for plaintiffs in error.

MOUNGER, for defendant in error.

Anderson *et al. vs.* Sego.

*By the Court.*—BENNING, J. delivering the opinion.

This is not a case "respecting titles to land."

[1.] It is a case in which none of the parties in interest reside in Dooly, the county in which the case was brought. The Sheriff of that county, though made a party to the bill, was not a necessary or a proper party to it. When the claims were put in, the *fi. fa.* passed out of his hands, and when the *fi. fa.* passed out of his hands, his connection with the case ceased. Besides, the case was one in which he ought never to have been a party, not even when he had the *fi. fa.* in his hands. An injunction against the owners of the *fi. fa.* would have effectually reached him. It was never like a case in which a Sheriff has in his hands a fund on which there are different claimants, some of whose claims are such that the Sheriff may fail or refuse to recognize them, without a special order from a Court to do so.

There is nothing special in the case, to take it out of the general rule, that every case, not criminal or not respecting the titles to land, should not merely at Law, but also in Equity, be tried in the county in which some defendant resides. The object of the bill was to compel the owners of the *fi. fa.* to make their money out of other lands than those on which the *fi. fa.* had been levied—than those which are claimed by the complainant, as a purchaser from the defendant in *fi. fa.* viz: out of lands which had belonged to the defendant in *fi. fa.* at the time of his death, and which had come to his administratrix as assets, and which were still in her *possession* as assets. This is an object which it will be as easy to accomplish by a suit in the county of the residence of the administratrix, or by one in that of the residence of some one or more of the owners of the *fi. fa.* as it will be to accomplish by a suit in the county of Dooly. And if so, the suit ought to be brought in some one of those counties. In such a case, the maxim, that equity follows the law, ought to apply. (*See Gilbert vs. Thomas, 3 Kelly,* 575*; Jordan vs. Jordan, 16 Ga.*)

We think, therefore, that the ground of the demurrer, that the defendants did not reside in Dooly, was a good ground, and that on that ground the Court below should have dismissed the bill.