No. 40.—DAVIS SMITH, adm'r, plaintiff in error vs. ROBERT IVERSON and WIFE, defendants in error.

Where relief is sought in a bill in equity, filed in defence of a common law action, the Superior Court of the county has no jurisdiction of the case, if the defendant, or if more defendants than one, one of them, does not reside in the county.

In Equity, from Fayette Superior Court. Decision by Judge BULL, at September Term, 1856.

Davis Smith of the county of Monroe, as administrator of Ivy Brooks, deceased, late of the same county, instituted his action in the Superior Court of Fayette county, against Robert Iverson of that county, for the recovery of the sum of $2850, due on a promissory note.

Iverson and his wife, who was a daughter of said Brooks and entitled to a distributive share of his estate, filed this bill against said Smith, setting up various matters of equitable defence against the note, and the prayer of the bill was for discovery, relief and injunction. To their bill complainants made an *amendment*, praying that Smith, as administrator of said Brooks, be compelled by decree of the Court, to deduct from said note, one half of the original purchase money of the land, the consideration of the note, which was a donation or advancement by said Brooks to his daughter, Mrs. Iverson, with the interest thereon.

To this amendment, defendant demurred, on the ground that defendant not being a resident of the county of Fayette at the time of the filing of complainants' bill, the Court has no jurisdiction to grant relief or to entertain a bill for relief out of the county of his, defendant's, residence.

The Court overruled the demurrer, and counsel for defendant excepted.

CABINESS, for plaintiff in error.

ALFORD & WOOD, for defendants in error.

*By the Court.*—McDONALD J. delivering the opinion.

The question presented in the record is one of jurisdiction.

Davis Smith instituted a suit in the Superior Court of Fayette county, on a promissory note against Robert Iverson, one of the complainants. During the pendency of the action the complainants filed their bill in chancery, and afterwards amended it, as set forth in the statement of the case. Davis

Smith resides in the county of Monroe. The bill was filed in the county of Fayette, where the common law suit, instituted by Smith against Iverson, is pending.

The question of jurisdiction of Courts of Equity, over the person of defendants, has been several times before this Court. The judgments passed in these cases, we consider, settle the point made in this case. This Court has decided that " A citizen cannot be called to answer out of the county of his residence, wherever his antagonist may choose to proceed against him in a Court of Chancery." When a common law suit is properly located, and a bill in equity against the plaintiff in the suit who resides in a different county, is instituted by the defendant, it does not follow that he can be brought out of his own county to answer where the common law suit is brought. *Rice vs. Tarver, et al* 4 *Ga.* 571; *Jordan vs. Jordan* 12 *Ga. Rep.,* 79. In this State there is a local jurisdiction which must be regarded in the institution of suits in equity. In all cases in which there must be a trial, the suit must be brought in the county of the residence of the defendant, or if more defendants than one, in the county of the residence of one of them. If no trial be necessary, but the bill be for discovery only, then the constitution (neither by its letter or spirit) interposes no impediment to its being brought in the county in which the suit, in which the discovery is needed, is pending. On bills for discovery merely, there never is a trial, but the discovery goes, at the option of the party who seek it, before the jury as evidence on the trial of the issue made up between the parties in the Court of law. If the complainant seeks a decree to enforce a right which he claims, he seeks relief, and in that event the Court has no jurisdiction, if none of the defendants are citizens of the county. *Carter and another, vs. Jordan, adm'r &c.,* 15 *Ga. Rep.,* 84.

Davis Smith is a citizen of Monroe county, the bill is filed in the Superior Court of Fayette county; the bill asks more than a discovery, it calls for a full account of complainant's,

Mrs. Iversons' interest in the estate of Smith's intestate, who was her father.

There is no controversy about the title to the land, so that it cannot be claimed that the Superior Court of Fayette county has jurisdiction of the case on that account. The charges are in regard to the manner in which complainant obtained the note. But the bill shows enough to convince us that no case can be made of the facts as stated, to give the Court of Fayette county jurisdiction of it, because it is a suit respecting the title to land. Such a case as is contemplated by the constitution can not be made of it, and the judgment of the Court below must therefore be reversed.

Judgment reversed.