H. M. KEY and E. O. SHEFFIELD, plaintiffs in error, vs. ALEX. J. ROBISON, administrator, defendant in error.

Where a common-law suit is pending, and the defendant in it, files a bill in the same county, against the plaintiff, who resides in a different county, asking relief and injunction, the jurisdiction is good for the injunction, but not for the relief.

In Equity, in Dooly Superior Court. Decision by Judge LAMAR, at Chambers, January, 1859.

Homer M. Key and Edward O. Sheffield filed their bill against Alexander J. Robison, administrator of Seymour R. Bonner, deceased, to enjoin certain actions at law, pending in Dooly Superior Court, against complainants, on certain promissory notes. These notes were given by complainants to Bonner in his lifetime, in part of the purchase money of three lots of land, sold to or bought for them by Bonner, situated in the county of Worth. Bonner resided in the county of Muscogee, where his administrator,

Key and Sheffield vs Robison.

Robinson, the plaintiff in the actions at law, also resides; complainants, who were the defendants at law, reside in the county of Dooly.

The Judge refused his sanction to the bill and to grant the injunction prayed for, on the grounds that the defendant Robison, did not reside in the county of Dooly, but in the county of Muscogee, and that the bill not only prayed to enjoin the actions at law pending in Dooly county, but sought a decree against the defendant, to set aside and cancel the alleged fraudulent sale, and to compel him to refund money paid and expended in the action of ejectment, wherein one of the lots of land had been lost. That it was not merely a bill for injunction and discovery, but also for relief.

To which refusal and decision, counsel for complainants excepted.

P. J. STROZIER; and T. H. DAWSON, for plaintiffs in error.

MARSHALL DEGRAFFENREID, *contra.*

*By the Court.*—STEPHENS J. delivering the opinion.

The only question here is as to the jurisdiction, the defendant in the bill not residing in the county where it was brought. The bill asks relief and an injunction. In *Dew vs. Hamilton, 23 Ga. Reports,* this Court held, that the jurisdiction was good in just such a case, for the injunction. It had frequently been ruled before, that it was not good for relief. We think in this case, the bill ought to have been retained for the injunction, but not for the relief. As the Court dismissed it altogether, the judgment must be reversed.

Judgment reversed.