JAMES v. SAMS.

1. Where pending a suit by creditors of the holder of a certificate of deposit issued by a firm of bankers (that suit being against such holder and afterwards by amendment against the bankers also, and the latter being enjoined therein from paying the certificate of deposit), a suit is brought against them by a present holder of the certificate who took it from the former holder after the first suit was brought and after a receiver therein had been appointed, the superior court of the county in which both suits are pending has jurisdiction to enjoin the plaintiff in the suit founded on the certificate, notwithstanding he is a non-resident of that county and a resident of another county of this State. That court has jurisdiction also to order said plaintiff to be made a party defend-

ant to the first suit at the instance of the bankers, and there liti-gate his right to the fund as against the receiver and all parties plaintiff to that suit, whether they claim in harmony with the receiver or in opposition to the interests which he represents.

2. Under the facts of this case, the bankers were entitled to the injunction and order of interpleader prayed for.

August 27, 1892. By two Justices.

Jurisdiction. Equity. Interpleader. Before Judge MARSHALL J. CLARKE. Fulton superior court. September term, 1891.

GEORGE HILLYER and JOHN B. GOODWIN, for plaintiffs.

JOHN L. HOPKINS & SON, for defendant.

BLECKLEY, Chief Justice.

A very condensed summary of the material facts, and of them alone, will first be given.

On the 30th of January, 1889, a permanent receiver was appointed for all the assets of the Mercantile Banking Company and of J. R. Tolleson and J. M. Richards, who were, respectively, president and cashier of that company. Said company, Tolleson and Richards were, at the same time and by the same order, enjoined from parting with any property or assets, except by tendering them over to the receiver. This order was made in a suit in the nature of a creditor's bill, pending in Fulton superior court, brought against this company and its officers by the People's Savings Bank and others. When the receiver was appointed and the injunction granted, a part of the assets of the company consisted of a deposit made with the Messrs. James, as bankers, and evidenced originally by a certificate of deposit issued to the cashier of the Mercantile Banking Company, not, however, as cashier, but in his name as an individual. Previously to the appointment of the permanent receiver, this certificate had been surrendered, and another issued to one Lester. By this means the officers of the bank probably sought to conceal this part of the assets, and succeeded in doing so for a considerable time. The re-

ceiver's title and right to possession extended to and embraced this deposit, but he was ignorant of the real ownership of the deposit, and so remained until long after his appointment. The statement that the deposit was assets of the company, though made now without qualification, will hereafter be qualified and explained by the disclosure of an adverse claim thereto set up and asserted by the Citizens National Bank. On the 7th of February in the same year, several days after the jurisdiction of Fulton superior court over all the assets of the Mercantile Banking Company and over its officers had attached, and at a time when the receiver should, and had all the facts been known probably would, have had actual control of the deposit, the certificate issued to Lester was returned to the Messrs. James, and in lieu thereof five certificates were issued by them to Underwood, payable to his order on demand. These new certificates amounted in the aggregate to the sum originally deposited by the cashier of the Mercantile Banking Company. Both Lester and Underwood were disinterested persons; neither of them owned the deposit or had any interest therein. They merely co-operated with the officers of the Mercantile Banking Company in manipulating the fund and in substituting, one for another, successive certificates of deposit covering the same. Four of the certificates issued to Underwood have no separate history which now concerns us. Only one of the five is directly in controversy under the present writ of error. This one was indorsed by him in blank, and thus indorsed it was delivered to Sams, not by Underwood, but by Tolleson. The date of this delivery was on or about the 3d of November, 1889, and the consideration of it was chiefly notes of Tolleson which Sams had bought from one Sims. The Citizens National Bank, having become a party to the suit in which the receiver was appointed, caused both Underwood and

the Messrs. James to be made parties defendant to that suit on the 31st of March, 1890; by an amendment in which they set up independent and paramount title to the deposit, and upon the same day a restraining order was granted against paying to any person the certificates of deposit issued to Underwood. On the 12th of April following, the Messrs. James, having filed their answer, were enjoined from paying said certificates until further order of the court. This injunction, so far as appears, has never been dissolved and is still in full force. On the 22d of the same month all the plaintiffs in that suit who had united in praying for general relief filed a petition containing several special prayers, the ultimate object of which was to cause the Messrs. James to account in that suit for the deposit, and have the money arising from such accounting applied generally to claims in favor of all the plaintiffs, as creditors of the Mercantile Banking Company. On the 9th of July in the same year, Sams, then and still a resident of DeKalb county, brought his action at law in the city court of Atlanta (Fulton county) against the Messrs. James, on the certificate of deposit which he had acquired in the previous November from Tolleson. The Messrs. James were thus being actively pursued by three claimants of the fund so far as embraced in that certificate, to wit: by all the plaintiffs applying for general relief in the suit in which the receiver was appointed; secondly, by the Citizens National Bank, one of the plaintiffs in that suit, claiming title against the world; and thirdly, by Sams, claiming title as successor to Tolleson, or to Underwood the nominal payee and indorser of the certificate, who was the mere cat's-paw of Tolleson and Richards, officers of the Mercantile Banking Company.

On the 14th of November, 1890, the Messrs. James, by an amendment to their answer, made known to the superior court that the action by Sams founded on the

certificate of deposit had been brought, and prayed that the same might be enjoined, that Sams might be made a party defendant in the pending suit in which the receiver had been appointed, and that the plaintiffs in that suit might be compelled there to interplead with him. An order was granted, making Sams a party defendant and temporarily restraining the prosecution of his action in the city court. Sams both demurred and answered, and on the 3d of January, 1891, the Messrs. James further amended their pleadings. On the 12th of the same month an order was passed denying the order of interpleader and refusing to enjoin the action in the city court. This order was excepted to *pendente lite* by the Messrs. James in so far as it related to Sams. On the 11th of January, 1892, the demurrer by Sams came on to be heard and was sustained, the petition as to him was dismissed and the suit terminated so far as he was concerned.

Error is assigned on the exceptions entered *pendente lite,* and on the final order sustaining the demurrer and dismissing the petition as to Sams. By the petition here referred to is understood the amended answer of the Messrs. James in so far as it prayed anything touching Sams, including his being made a party to the main case in the superior court.

1. On the foregoing facts, the question is, whether the Messrs. James had a right to make Sams a party defendant to the main suit which was pending in Fulton superior court, and compel him to litigate in that suit his claim to a portion of the deposit, and his alleged title to the certificate on which the action by him against them in the city court of Atlanta was based. If this right existed, the right to enjoin Sams from prosecuting the latter action would be an obvious legal consequence. No obstacle of mere procedure is in the way, for by the statutory system of pleading and procedure

prevailing in Georgia at present, a defendant may claim relief by his answer, and if the relief sought be appropriate, may make to the cause any additional parties necessary to obtain it. The Messrs, James were parties defendant to the suit in the superior court, in which suit two adverse claims were being asserted against them to the fund covered in part by this certificate, one of those claims being in favor of the Citizens National Bank, and the other in favor of the general creditors of the Mercantile Banking Company. They concede that they are liable to pay the money to the real owner, but insist that their liability is to pay it but once, and they seek to ascertain and settle by one and the same adjudication which will be binding upon all the claimants, including Sams, to whom they ought to pay it. This seems to be a very reasonable position for them to occupy, and even if they should be liable to pay twice or thrice, the full extent of their liability can be ascertained and determined by one and the same trial; and inasmuch as the superior court had acquired jurisdiction of the fund, appointed a receiver and granted an injunction to keep it *in statu quo*, before an action to recover it had been brought in any other court, that trial should be had in the court which had thus assumed and still retains a controlling superintendence over the subject-matter. We think the superior court should be regarded as having, by its receiver, potential if not actual custody and possession of the fund, inasmuch as it could order the Messrs. James to pay it to the receiver at any time; and this was the condition of affairs at the time the action against them was brought by Sams in the city court. The case is not the ordinary case of a bill of interpleader, or in the nature of a bill of interpleader. It is one in which jurisdiction over a fund already established by a pending suit, is sought to be extended by amending and enlarging that suit

so as to make it embrace one of the claimants of the fund who was not a party to it originally. For this reason, the fact that Sams resides in DeKalb county does not protect him from being brought into Fulton county to litigate his alleged right. Any superior court on which is devolved the duty of administering a particular fund over which it has rightly acquired jurisdiction, can bring before it all the claimants of that fund, no matter in what county of the State they may reside. Jurisdiction over one defendant against whom substantial relief is prayed carries with it jurisdiction over all other parties necessary or proper to administer equitable relief. Because the Messrs. James could not have brought a separate suit in Fulton county to enjoin the suit·in the city court and compel Sams to interplead in that county, he being a resident of DeKalb, it by no means follows that they could not make him a party to a previous suit still pending in the superior court, and by which that court had already acquired jurisdiction over the fund, a part of which Sams by his suit in the city court sought to reach and recover. The original depositor of that fund was the Mercantile Banking Company, the deposit being made by Richards, its cashier. That company, putting aside all sham and pretense on the part of its officers, was the real holder of the original and all the subsequent certificates of deposit. Suit was brought by its creditors both against it and its officers, all of whom were enjoined, and a receiver was appointed. To that suit the Messrs. James, the bankers with whom the deposit was made, became by amendment parties defendant, and they were enjoined from paying out the deposit. After this, a suit was brought against them in another court by Sams, who had become the holder of a certificate representing a portion of the deposit, which certificate passed to him from the Mercantile Banking Company through Tolle-

son, its president, after the receiver was appointed, and whilst that company, its president and cashier, were all enjoined.    Under these circumstances, what is there to hinder the superior court from asserting and exercising jurisdiction over Sams, both to enjoin him from prosecuting his action in the other court, and to bind him by such decree as may be finally made in the superior court touching his own claim and the adverse claims to the deposit in question? We think there is nothing.

2. The Messrs. James were entitled, as against Sams, to the injunction and order of interpleader prayed for. It was error to deny the same, and it was error to sustain his demurrer to their petition, as contained in their amended answer, and to dismiss that petition.

*Judgment reversed.*