## DAWSON v. EQUITABLE MORTGAGE COMPANY.

1. A ground of demurrer to a petition, stating in general terms that "there are no proper parties," is too vague and general. Such ground is itself defective, in that it fails to point out who would be proper parties to the proceeding.

2. Where a levy of a fi. fa. upon land has been met by a fraudulent and frivolous claim of an insolvent person, made in forma pauperis, an equitable petition in aid of the levy will lie in the superior court of the county in which the claim case is pending, notwithstanding the claimant may not reside in that county; the object of the petition being to prevent such interference by the claimant with the progress of plaintiff's execution, and to have a receiver appointed to take charge of the land, with the view of applying the rents and profits thereof to plaintiff's execution ; the petition making a case that the claimant had not only filed the one claim, but, for the purpose of delay, had previously forced a continuance of the case, and had, before the filing of the claim, been instrumental in defeating the collection of the fi. fa. by dilatory tactics ; the petition also making a case showing that, but for such equitable interference, the rents and profits would be appropriated by the claimant who was in possession, and the plaintiff's power to collect its money, to that extent, would be defeated.

3. The several objections to the admission of evidence presented no legal reason for excluding the same, save perhaps in one or two instances where the evidence admitted was not of such importance or materiality as to affect the result. In view of the testimony submitted pro and con on the interlocutory hearing, there was no abuse of discretion in granting the injunction and appointing a receiver.

Argued November 7, — Decided December 2, 1899.

Injunction. Before Judge Littlejohn. Macon county. June 24, 1899.

*R. D. Smith* and *J. M. DuPree*, for plaintiff in error.
*Payne & Tye, E. A. Hawkins,* and *J. W. Haygood,* contra.

LEWIS, J. At the May term, 1894, of Upson superior court a verdict was rendered in favor of the Equitable Mortgage Company against E. R. C. Dawson for $2,867.50, besides attorney's fees and costs, and a special judgment was rendered on the verdict against certain lands. A fi. fa. was issued on the judgment, and levied upon these lands; whereupon J. M. Dawson interposed a claim. This claim was returned to Macon superior court, in which county the lands were located. At the May term of that court, in aid of the levy made in the case,

an equitable petition was filed in behalf of the plaintiff in fi. fa. against J. M. Dawson. The following facts, in brief, were set forth in this petition: When the lands were first levied on by the sheriff of Macon county a claim was filed thereto by one Atwater, which was dismissed on May 13, 1895; and on June 24, 1895, another claim was filed by Atwater, which was dismissed on November 10, 1896. After this the lands were again advertised for sale, when an affidavit of illegality was filed by E. R. C. Dawson on June 5, 1897, which illegality was dismissed on November 9, 1897. After this the lands were again advertised for sale, when an affidavit of illegality was filed by J. M. Dawson (the claimant in this case) as agent for E. R. C. Dawson, and this affidavit was dismissed on November 15, 1898. The property was again advertised for sale on the first Tuesday in January, 1899, and a claim to the lands was filed by J. M. Dawson under an affidavit in forma pauperis, no bond and security being given by the claimant, who procured a continuance at the trial term. The petition charges, among other things, that J. M. Dawson has no valid legal or equitable title to the lands, superior to plaintiff's judgment; that he has resorted to dilatory tactics for no other purpose than to retain possession of the property and enjoy the rents and profits thereof; that previously to filing the claim Dawson requested petitioner that he be allowed to pay the amount due on the judgment in certain instalments annually until the debt was discharged in full, and no claim was then made by J. M. Dawson of any title to, or interest in, the property, but he recognized the validity and superiority of plaintiff's judgment, and his only desire was to gain time; but Dawson wholly failed to comply with this contract. It was further alleged that, after the making of this contract, J. M. Dawson interposed an affidavit of illegality as agent for E. R. C. Dawson, and that after the dismissal of this illegality he filed a claim to the property, with a pauper's affidavit thereto attached; that J. M. Dawson was then in possession of the land, receiving the rents and profits therefrom, and was insolvent; that neither he nor E. R. C. Dawson paid taxes since 1892, and tax fi. fas. for the various years since that date have been issued and trans-

ferred to various parties who are holding the same against the property as outstanding liens; that no part of the plaintiff's debt has been paid, and if the frivolous claims are not stopped, and the property brought to sale, the plaintiff will not realize its debt out of the same; and that the claim filed by J. M. Dawson, which was returnable to the May term, 1899, of Macon superior court, was interposed by said claimant for the purpose of further delaying and hindering petitioner in the collection of its debt. The petition prayed for the appointment of a receiver to take charge of the property, rent out the same, and hold the proceeds subject to the further order of the court; and that J. M. Dawson be enjoined from further interfering with or hindering the enforcement of plaintiff's fi. fa., or occupying, renting, or having anything to do with the property; and that the fi. fa. be allowed to proceed and sell the same. Dawson filed his answer to this petition, denying, in effect, its material allegations, setting up title to the property, and admitting that the same had been in his possession before and ever since the rendition of the judgment.

After hearing evidence, the court rendered a judgment on the 24th day of June, 1899, restraining the defendant as prayed for in the petition, and appointing a receiver to take charge of the lands mentioned therein, hold the same as receiver of the court, rent out the lands, collect the rents until the further order of the court, and hold the same subject to its order. The judgment of the court further provided that if J. M. Dawson should, within fifteen days from the date thereof, file with the clerk of Macon superior court a good and solvent bond to be approved by the clerk, payable to the plaintiff, conditioned to pay into court an amount equal to the value of the rents and profits of the property for the year 1899, and all future rents, judgment to be entered up on the bond against principal and securities as in cases of appeal, then the order appointing a receiver should be vacated. To this judgment the claimant excepted, and assigns the same as error in his bill of exceptions.

1. On the hearing of the case before the judge below, Dawson demurred to plaintiff's petition, on the ground that there was no equity in the same; that there were no proper parties;

and that the remedy at law is complete. It is insisted in the argument of this case that the defendant in fi. fa., E. R. C. Dawson, should have been made a party defendant to the equitable proceeding filed by the plaintiff in fi. fa., and that the court erred in not sustaining the demurrer on this ground. But the demurrer itself fails to point out who would be proper parties defendant to the case; and even if the defendant in fi. fa. were a necessary party, there was no reversible error in the court overruling the demurrer as presented, on account of its vagueness and uncertainty.

2. The respondent also filed a plea to the jurisdiction of the court to try the case, on the ground that both he and the defendant in fi. fa. resided in Upson county, and that jurisdiction of the case was vested solely and exclusively in the superior court of that county. The present constitution of this State requires cases in equity to be brought in the county where one of the defendants against whom substantial relief is prayed resides. But it has often been decided by this court that this provision in the several constitutions of the State does not apply to equitable proceedings ancillary to suits already pending, which, for purposes of injunction, may be brought in the county where such suits at law or in equity are pending. *Dew* v. *Hamilton*, 23 *Ga.* 415; *Carswell* v. *Macon Mfg. Co.*, 38 *Ga.* 403; *Ray* v. *Home Co.*, 106 *Ga.* 492. In the last case cited Mr. Justice Cobb, in his opinion, expresses the principle applicable to this case in the following language: "One who goes into the court of a county other than that of his residence, to assert a claim or set up an equity, must be content to allow that court to determine any counter-claim growing out of the original suit which the defendant sees fit to set up by crossaction." As declared in *Caswell* v. *Bunch*, 77 *Ga.* 504, this principle "rests on the idea that the plaintiff, by voluntarily instituting his suit, gives the superior court of the county where it is so instituted jurisdiction of his person sufficient to answer all the ends of justice respecting the suit originally instituted,— such proceedings in equity being ancillary to or defensive of the pending suit." See also *Markham* v. *Huff*, 72 *Ga.* 874 (3); *James* v. *Sams*, 90 *Ga.* 404; *Rounsaville* v. *McGinnis*, 93 *Ga.* 579–581; *Moore, Marsh & Co.* v. *Medlock*, 101 *Ga.* 93.

The original proceeding in this case arose upon the levy of a fi. fa. upon land situated in Macon county. This levy was resisted by the filing of a claim which, under the law, was made returnable to the superior court of the county in which the land was located. The plaintiff in error, therefore, by filing this claim, voluntarily submitted to the jurisdiction of that court as to all matters pertaining to the issue which he had thus submitted by the filing of his claim. Directly involved in this issue was the title to the land levied upon. Claim cases, by adjudications of this court, have repeatedly been regarded as in the nature of equitable proceedings; and the right of a claimant to support his contention, in an ordinary claim at law, by filing equitable proceedings and seeking equitable relief touching the subject-matter of the controversy, can no longer be questioned. When a claim is filed to the levy of a fi. fa., the same right necessarily exists in the plaintiff in fi. fa. to file equitable proceedings in support of his levy, and to enforce all equities pertaining to his rights as such a judgment creditor. While it is true, in the present case, the plaintiff in fi. fa. had no lien upon the rents and profits of the land levied upon, yet, under its allegations and the proof submitted on the trial, it had an equitable interest in such profits from the land, and by the conduct of the claimant, in his repeated efforts to delay frivolously the enforcement of this lien upon the lands, the rights of the plaintiff had become jeopardized. It was in danger of suffering loss of at least a portion of its debt, unless equity intervened by the granting of an injunction and appointment of a receiver, for the purpose of holding up the rents of the land until the issue between it and claimant was finally determined. This equitable proceeding, then, was clearly not an independent one, but was ancillary and in aid of plaintiff's rights involved in the claim case that was pending in court. In the case of *Hart* v. *Respess*, 89 *Ga.* 87, it appeared that a mortgage fi. fa. was levied upon land insufficient in value to pay the debt; that the plaintiff had been delayed by claims interposed by a third person, which were adjudicated against the claimant; and that a sale under the levy was prevented by another claim interposed by a person to whom the first claimant conveyed title.

It was held that a receiver might be appointed to take and hold possession of the land, and receive and preserve the rents and profits until the second claim should be determined; both claimants being insolvent, and having claimed by affidavit in forma pauperis without giving bond or security. It was further recognized in that decision that while the mortgagee had no legal title to the rents and profits, he had an equitable claim upon the same, so far as they were needed to discharge so much of the mortgage debt as could not be realized out of the corpus of the property; the facts in the case indicating that the debtors were insolvent, and the creditor was likely to sustain loss.

3. There were several objections to the admission of evidence which presented no legal reason for excluding the same, except perhaps in one or two instances, where the evidence admitted was not of such importance or materiality as to affect the result; and even if there was error on the hearing of an application for a temporary injunction in admitting testimony of such a character, this will not work a reversal of the judgment of the court granting the injunction. We think there was sufficient testimony before the judge to authorize the conclusion that the material allegations in the plaintiff's petition were substantially sustained; and hence this court can not say that there was any abuse of discretion in the judgment granting an injunction and appointing a receiver, particularly in view of the fact that the judge in his order gave the defendant below the opportunity of vacating the order as to the appointment of a receiver by giving bond and security.

*Judgment affirmed. All the Justices concurring.*

Lumpkin, P. J. I concur in the judgment, but not without some doubt on the question of jurisdiction.