## ABERCROMBIE *et al. v.* ABERCROMBIE.

ATKINSON, J.  1.  The judge properly sustained the special demurrer to certain paragraphs of the petition.

2.  In so far as assignments of error on the rulings as to the admissibility of evidence were sufficient to raise any question for decision, there was no error in any of the rulings complained of.

3.  The uncontradicted evidence demanded the verdict which was directed by the court.          *Judgment affirmed.  All the Justices concur.*

APRIL 10, 1917.

Intervention.   Before Judge Mathews.   Bibb superior court. May 30, 1916.

*Feagin & Hancock,* for plaintiffs.

*Napier & Maynard,* for defendant.

---

## AMSLER & FERGUSON *v.* LAMAR & RANKIN DRUG COMPANY.

ATKINSON, J.  1.  Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed, except that in cases of injunction to stay pending proceedings the · suit may be brought in the county where the proceedings are pending, provided no relief is prayed as to matters not included in such litigation.   Civil Code, §§ 6540, 5527.

2.  In an equitable suit to enjoin a levying officer from paying over money in his hands on a chattel mortgage duly foreclosed, to which no counter-affidavit has been filed, where there is no complaint of misconduct upon his part, the levying officer is not a party against whom substantial relief is prayed, and the venue of a suit instituted by the mortgagor against the mortgagee and such officer, to enjoin the collection of the mortgage debt, is in the county of the residence of the mortgagee. *Malsby* v. *Studstill,* 127 *Ga.* 726 (56 S. E. 988).

3.  The petition was properly dismissed on demurrer.

*Judgment affirmed.  All the Justices concur.*

APRIL 10, 1917.

Equitable petition.   Before Judge Jones.   Lumpkin superior court.   April 20, 1916.

·*W. S. Gaillard* and *H. H. Dean,* for plaintiffs.

*O. J. Lilly,* for defendant.