*George P. Munro*, for plaintiff in error.

*W. D. Crawford* and *W. B. Short*, contra.

---

## BRUCE *v.* NEAL BANK *et al.*

1. "Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." The defendants against whom substantial relief is prayed in this case reside in Fulton and not in Wilcox county.

2. Section 5962 of the Civil Code of 1910, which has reference to motions to set aside judgments, has no application to a case like the present.

3. The court did not err in dismissing the case on demurrer.

            No. 224. NOVEMBER 17, 1917.

Equitable petition. Before Judge Crum. Wilcox superior court. February 27, 1917.

Mrs. L. M. Bruce filed in Wilcox superior court her petition against the Neal Bank and its receiver, of Fulton county, L. .E.

Gibbs, sheriff of Wilcox county, and Hal Lawson as attorney at law for the Neal Bank, and alleged substantially as follows: On March 18, 1907, the Neal Bank filed in the superior court of Wilcox county a petition against J. L. Bruce, in which it was alleged that on August 26, 1904, J. L. Bruce executed to Mrs. L. M. Bruce a note secured by mortgage on a certain half lot of land in the first district of Wilcox county; and that Mrs. Bruce indorsed the mortgage and the note to Dreger & Doughty, managers, who transferred them to the Neal Bank. That petition prayed for the foreclosure of the mortgage. J. L. Bruce filed an answer in which he denied that Mrs. L. M. Bruce indorsed the note and mortgage to Dreger & Doughty, managers, and denied that Dreger & Doughty, managers, legally transferred the note and mortgage to the Neal Bank. [See 134 *Ga.* 364.] On May 30, 1914, while the case was still pending in Wilcox superior court, counsel representing the Neal Bank amended the petition by striking the name of the Neal Bank as plaintiff and inserting in lieu thereof the name of Mrs. L. M. Bruce, "suing for the use of the Neal Bank." By consent of counsel representing the Neal Bank and J. L. Bruce, the case was submitted to the court for decision without the intervention of a jury; and on September 24, 1914, the judge of the superior court of Wilcox county rendered judgment in favor of the plaintiff for the principal sum of $1500, $1074 interest, and $257.40 as attorney's fees, together with costs, etc. [See 137 *Ga.* 361, 144 *Ga.* 241.] An execution was duly issued upon the judgment, and was levied upon the land described in the mortgage, and the land has been advertised by the sheriff of Wilcox county, to be sold on the first Tuesday in July, 1916; and unless he is restrained by the court, he will sell the land on the date named and will deliver the proceeds of the sale to Hal Lawson, attorney for the Neal Bank, in satisfaction of the execution and judgment which the Neal Bank obtained against J. L. Bruce. The present plaintiff was no party to the litigation between the Neal Bank and J. L. Bruce. She was not present in court on May 30, 1914, when she was substituted as plaintiff instead of the Neal Bank, suing for the use of that bank. She did not consent to the use of her name as such party plaintiff. She did not, until long after the rendition of the judgment and until after the issuance of the execution, have any knowledge or notice

of the contents of the pleadings in that case, and she has done no act or thing to ratify or consent to the use of her name as plaintiff therein, and nothing which would bind or estop her from proceeding against the Neal Bank, the real plaintiff in that case. The note and mortgage upon which the Neal Bank proceeded and upon which judgment was obtained were originally made to her by J. L. Bruce upon a consideration of $1500, which was delivered by her to J. L. Bruce. She has never parted with the title to the note and mortgage, and they are and have at all times been her absolute, unencumbered property. She never indorsed the note or mortgage, never authorized any one to do so for her, never delivered them or either of them to any person whomsoever, and never authorized any one directly or indirectly to deliver, trade, transfer, sell, or assign either of the papers. By some method unknown to her the Neal Bank came into possession of them and undertook to foreclose the mortgage; but the papers passed out of her possession without her consent and without her knowledge, and she has never parted with the legal or equitable title to them, and the Neal Bank has never had either legal or equitable title to either of them. On June 5, 1915, J. L. Bruce died in Wilcox county, owning at the time of his death the land described in the mortgage, and practically no other property. Inasmuch as the plaintiff is the absolute owner of the note and mortgage, she is entitled to recover the amount due thereon from the estate of J. L. Bruce; and the Neal Bank, having no legal or equitable interest therein, is not entitled to recover or collect from the estate of J. L. Bruce any amount whatsoever on any judgment against him based on the note and mortgage; and while the voluntary payment by J. L. Bruce to the Neal Bank would not have divested or affected plaintiff's lien on the land covered by the mortgage, or her right to recover from J. L. Bruce the amount due on the note, since Bruce is dead leaving no property other than that described in the mortgage, and since a judgment has been obtained in a court of competent jurisdiction in favor of the Neal Bank against the property, if the land is sold under the judgment the plaintiff will, after the property is sold, be estopped from proceeding against and subjecting it to the payment of the mortgage, and thereby sustain irreparable loss. If the land is sold the estate of J. L. Bruce will be totally and wholly insolvent, and plaintiff will be unable to collect from the

estate that which it is justly due her. The judgment in favor of Mrs. L. M. Bruce for the use of the Neal Bank was procured by fraud, in that it was alleged and maintained in the action that the bank was either the legal or equitable owner of the note and mortgage upon which the suit was based, which statements and evidence were untrue because of the fact that the Neal Bank never had the slightest legal or equitable interest in the note and mortgage, and the bank is not now entitled to collect or have the proceeds of them. The Neal Bank is and has been for a long time totally and absolutely insolvent and in the hands of a receiver, and would be unable to respond in damages to any judgment which plaintiff might obtain against it. She has no adequate remedy at law, and her rights can be maintained only in a court of equity. She prays that the judgment rendered on September 24, 1914, be set aside and declared to be null and void, and that in the meantime the defendants be restrained and enjoined from selling, advertising, or enforcing or attempting to enforce the execution.

The defendants filed a demurrer to the petition, which was sustained, and the plaintiff excepted.

*Quincey & Rice* and *Little, Powell, Smith & Goldstein,* for plaintiff. *Hal Lawson,* for defendants.

HILL, J. (After stating the foregoing facts.) The third ground of the demurrer raises the question of the jurisdiction of the superior court of Wilcox county, on the ground that the Neal Bank and its receiver are the only defendants against whom substantial relief is prayed, that these defendants are residents of Fulton and not of Wilcox county, and therefore that the superior court of Fulton county has jurisdiction of the case. Section 6540 of the Civil Code of 1910 provides that "Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." It is contended by the plaintiff that this is a proceeding to set aside a judgment rendered by the superior court of Wilcox county, and that no other court in the State has jurisdiction to entertain a petition for this purpose; and she cites the Civil Code, § 5965, to support that contention, which section provides that the judgment of a court of competent jurisdiction may be set aside by a decree in equity, "for fraud, accident, or mistake, or acts of the adverse party unmixed with the negligence or fault of the complainant;" but this last section can

not be invoked by the plaintiff to give jurisdiction to the court of Wilcox county, for to allow it would offend the constitutional provision contained in § 6540, quoted above. Nor was this a proceeding under § 5962, which declares that "All motions to arrest or set aside a judgment must be made to the court by whom such judgment was rendered, and of which motion the opposite party must have reasonable notice." It will be observed that this section applies only to *motions* made for the purpose of setting aside judgments. In motions to set aside, only parties to the record can make a motion, and for defects not amendable which appear on the face of the record or pleading. Civil Code, § 5957. Mrs. Bruce was not a party to the judgment she seeks to set aside. She is only a nominal party suing for the use of the bank, and alleges that she had no notice of the *contents* of the pleadings. Whatever right she has to maintain this suit, if any, must be asserted in the county of the defendants' residence against which substantial relief is prayed; and that county is Fulton. The prayers of the petition are to set aside the judgment obtained in Wilcox county, which was in favor of the Neal Bank of Fulton county, and for injunction, etc. If the petition be unobjectionable for other reasons, and the plaintiff establishes her right to the relief sought, these prayers could be granted in Fulton county, where the defendants reside against whom substantial relief is prayed. Under the allegations of the petition the court did not err in dismissing it for want of jurisdiction. *Amsler* v. *Lamar & Rankin Drug Co.*, 146 *Ga.* 635 (92 S. E. 55); *Babson* v. *McEachin*, 147 *Ga.* 143 (93 S. E. 292).

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*