### BRACK *v.* BRANTLEY COMPANY *et al.*

HILL, J. The A. P. Brantley Company, a corporation residing in Pierce county, sued and recovered judgment against C. F. Brack, a resident of Clinch county, in the superior court of the county of the defendant's residence. See *Brack* v. *Brantley Co.*, 134 *Ga.* 495 (67 S. E. 1128). Execution was issued on this judgment, and was levied on certain real estate as the property of the defendant. To this levy a claim was filed by Mattie L. Brack, the wife of the defendant in fi. fa. The claim was tried in Clinch superior court, and a verdict was returned finding the property subject to the fi. fa., and the execution was ordered to proceed. The property levied upon was thereafter advertised and exposed for sale on June 4, 1912, and was bid in by the A. P. Brantley Company for $1500, and the sheriff executed a deed to that company in pursuance of the sale. C. F. Brack, the defendant in fi. fa., thereupon entered into a contract with the Brantley Company, by the terms of which he became its tenant. Subsequently the Brantley Company demanded possession of the premises, which Brack refused, and the former filed proceedings to evict the latter. Brack filed a counter-affidavit, and at the October term, 1916, of Clinch superior court, an order was taken (counsel for both sides consenting) submitting the issues of law and fact involved to the judge of the superior court without the intervention of a jury. After hearing evidence the court ren-

dered a judgment in favor of the Brantley Company against Brack for the possession of the land, together with $40 rent and costs of suit. Writ of possession was issued accordingly. Before the sheriff enforced the writ of possession the present suit was filed in the superior court of Clinch county by Mrs. Mattie L. Brack, the wife of C. F. Brack, against the A. P. Brantley Company, of Pierce county, P. R. Lee, the sheriff of Clinch county, C. F. Brack, and W. T. Dickerson, attorney at law for Mrs. Brack in the claim case, both being residents of Clinch county. She alleged substantially as follows: She is the owner of the property in controversy. After the above-stated claim case came on for a trial she was informed by her husband and her said attorney at law that the matter had been so arranged as to protect her until a later date, and that the trial would not proceed further and she would be allowed to remain in possession. She returned to her home and remained in possession until the filing of this suit. She understood at all times that the suit was still pending, and that the issue joined in the claim case would be tried and determined. She was informed by her husband, upon the approach of each succeeding term of Clinch superior court, that her case had been arranged until a later date, or had been continued for the term. She attended court several times for the purpose of trying the case, and in each instance remained at court until informed by her husband, or by the court officials, that her case had been continued for the term. She was not informed by her attorney and her husband that a verdict had been returned against her, and that the attorneys for the Brantley Company and her own attorneys attempted to enter into an agreement whereby the Brantley Company should be allowed to proceed with the execution and sell the property, and that C. F. Brack should be allowed to buy the property from the Brantley Company, or be allowed additional time in which to settle the execution held by it; and she did not know of this agreement. The Brantley Company and the sheriff are threatening to dispossess her under some kind of writ in favor of the Brantley Company against C. F. Brack, the nature of which is unknown to her; and unless the Brantley Company and the sheriff are enjoined, she will be dispossessed, etc. She prayed, that a temporary restraining order be granted; that at the interlocutory hearing the defendants be enjoined from interfering with her rights in connection with the land, etc.; and that at the final trial the verdict and judgment complained of be vacated and set aside, and a permanent injunction issue, enjoining the defendants and each of them from endeavoring to dispossess her. The A. P. Brantley Company appeared specially for the purpose of objecting to the jurisdiction of the court, and moved to dismiss the petition because: (a) The superior court of Clinch county has no jurisdiction of the parties, it appearing from the petition that this defendant is a resident of Pierce county, and that it is the only defendant against whom substantial relief is prayed, the other parties being only formal or necessary parties, against whom no substantial relief is prayed. (b) The within motion to "vacate, annul, and set aside the judgment complained of" was entertained by the judge of the superior court when the superior

court of Clinch county was not in session, and the rule nisi was issued when the court was without jurisdiction to entertain or hear such motion, or to issue such rule nisi. (c) The motion was not made at the term when the verdict and judgment which it seeks to set aside was rendered, as appears upon the face of the petition. (d) The motion seeks to allege a state of facts which are foreign to the record, as appears on the face of the petition, whereas a motion to set aside a judgment can only be granted for errors apparent on the face of the record. The Brantley Company also demurred to the petition, urging, among other grounds, that the petition shows on its face that if the plaintiff ever had any cause of action, it is barred by the statute of limitations. The court dismissed the petition, thereby sustaining the motion and the demurrer. The plaintiff excepted. *Held:*

(*a*) No substantial relief was prayed against any of the defendants except the A. P. Brantley Company; and as the residence of this defendant was in Pierce county, the superior court of Clinch county had no equitable jurisdiction over it. See *Bruce* v. *Neal Bank*, 147 *Ga.* 392 (94 S. E. 241).

(*b*) No fraud is charged against the sheriff. Even if fraud is charged against the attorney of the plaintiff and her husband, no substantial relief is prayed against either of them.

(*c*) Under the facts in the record, it was not error to sustain the demurrer and the motion to dismiss the petition.

*Judgment affirmed. All the Justices concur.*

No. 735. JANUARY 13, 1918.

Equitable petition. Before Judge Summerall. Clinch superior court. November 3, 1917.

*Lankford & Moore,* for plaintiff.   *R. G. Dickerson, W. T. Dickerson,* and *Wilson & Bennett,* for defendants.