*John B. Guerry,* for defendant.

---

HOME MIXTURE GUANO COMPANY *v.* WOOLFOLK *et al.*

1. A plaintiff who institutes a suit in a county other than the one in which he resides submits himself, for all the purposes of the defense of that suit, to the jurisdiction of the courts of the county in which the suit is pending; and if such suit is pending in a court of limited jurisdiction which, for want of power, can not afford full relief, the defendant, by petition in equity in the superior court of the county where the suit was instituted, may enjoin the prosecution of the suit and set up and have adjudicated as to the non-resident plaintiff all matters included in such litigation.

(a) In such case, if relief is prayed as to matters not included in such litigation, the petition is subject to demurrer on the ground of want of jurisdiction, and may be dismissed if the objectionable prayer is not . eliminated.

(b) If the relief prayed is confined to matters included in such litigation, the fact that some of the relief can not be granted because of the absence of necessary parties defendant does not affect the jurisdiction of the court.

2. Where a plaintiff institutes a suit in a city court of a county other than the one in which he resides, and upon the death of the defendant causes his executor to be made a party to the action at law, the legatees under the will and sole parties to be affected by the suit (the legacies having been assented to by the executor) may, by a proper proceeding in the superior court of the. county where the suit was instituted, set up and have adjudicated, as to the non-resident plaintiff, all matters

necessary for their complete defense, if it be made to appear that the executor is insolvent, and that he refuses to defend the suit and is fraudulently colluding with the non-resident plaintiff.

3. While an executor has the authority to compromise contested or doubtful claims for or against the estate represented by him, such authority is no warrant to the executor to enter into a collusive and fraudulent agreement and thereby bind the estate represented by him. Such an agreement, if collusive and fraudulent, is open to attack in a proper proceeding by the legatees.

No. 948. NOVEMBER 16, 1918.

Equitable petition. Before Judge Harrell. Dougherty superior court. March 27, 1918.

T. N. Woolfolk Sr. and Mrs. Clara J. Woolfolk, husband and wife, resided in Dougherty county. Mrs. Woolfolk inherited from her father, about the year 1892, an estate consisting principally of realty. In 1903 she executed to her husband a general power of attorney to manage her estate. She was then in feeble health. Before and at the time of the execution of the power of attorney, the husband was engaged in the sale of commercial fertilizer on his own account. The wife had nothing to do with his business. For seven years after the execution of the power of attorney, the husband continued to manage the estate of the wife and also his private business. In January, 1910, his indebtedness to the Home Mixture Guano Co., a corporation of Muscogee county, Georgia, amounted to approximately $2000. The company learned that he had a power of attorney from his wife, and required him to transfer his account to his wife's name and to assume the $2000 indebtedness as her attorney in fact. The wife knew nothing of this transaction. In June, 1910, the account with the company amounted to $16,897.62. The husband, as attorney in fact for the wife, executed and delivered to the company a note for this amount. This note was reduced by payments made by the husband to $11,584.02 by the latter part of January, 1912. On January 23, 1912, the company filed suit in the city court of Albany on this note, against the wife. She answered the suit, denying that she had any knowledge of the transaction leading up to the signing of the note, and alleging that she had not ratified the same. She was in ill health, and the case was continued for more than a year. She died on April 8, 1913. Prior to her death she executed a will in which she named her husband as her executor, and gave him power to manage and dispose of her estate without

responsibility to any court. The will devised and bequeathed her entire estate to her children, T. N. Woolfolk Jr., Mrs. E. F. Jackson, Mrs. John C. Coart, and Miss Rosa Woolfolk. Nothing was devised to the husband. After he had qualified as executor he was made a party to the suit in the city court. The case was continued from term to term, and finally, on December 11, 1916, the executor executed a compromise agreement to pay the plaintiff in that suit $4500 in settlement of the claim, and undertook to secure the payment of the compromised amount by a deed to certain real estate belonging to the estate of the testatrix and specially devised to one of her children. In the same agreement he stipulated to confess judgment against the estate for the amount of the compromise in the event he failed to pay the same. This agreement was entered of record in the city court of Albany. He failed to pay the $4500; and T. N. Woolfolk Jr., son of the testatrix and devisee under the will, learned of this agreement prior to the February term, 1918, of the city court of Albany, and filed an equitable petition in the superior court of Dougherty county, setting out in substance the foregoing facts, and alleging that the agreement was the result of collusion and fraud, that the debt was the debt of the husband and not of the wife, and that both the company and the executor were fully advised of all the facts of the case. The petition (in which the other devisees afterward joined) prayed that the superior court take jurisdiction of all the issues in the case in the city court; that the merits of the case be determined on the issues raised by the pleadings filed by the testatrix prior to her death; that the company be enjoined from taking judgment on the agreement; and that said agreement, and especially the lien sought to be created thereby, be canceled. An amendment to the petition alleged, that the executor assented to the filing of the petition in this case; that the executor himself refused and failed to institute the necessary action to set aside the compromise agreement and stipulation to confess judgment; that the executor was insolvent, and had not given bond; and that the agreement made between the executor and the guano company was illegal, fraudulent, and void as against the legatees and devisees under the will, all of whom were made parties plaintiff in the case. To the petition the defendant filed a demurrer in its nature both general and special. The principal grounds of demurrer were: (1) There is

no equity in the bill, and the court has no jurisdiction of the person of the defendant. (2) Relief is sought not involved in the action at law, a suit upon a note already compromised by the executor and representative of the estate and of the plaintiff. (3) The petition is filed by the alleged legatees under the will of Mrs. Clara J. Woolfolk, and it affirmatively appears that the legatees are seeking other relief than is germane to the action at law pending in the city court, and that there is a duly qualified representative of said estate. (4) The executor is a necessary party defendant to the suit to enjoin the action at law and to cancel the lien given by him to the defendant, as contained in the compromise agreement. (5) The charges of collusion and fraud, made in the petition, were insufficient. The court overruled the demurrer, and the defendant excepted.

*Battle & Hollis* and *Pope & Bennet,* for plaintiff in error.

*Walters & Redfearn,* contra.

GEORGE, J. (After stating the foregoing facts.) The constitution declares, "Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." Civil Code, § 6540. Before this provision was inserted in the constitution of this State, this court, in analogy to the rule fixed for civil cases, required equity suits to be brought in a county where one of the defendants resided against whom substantial relief was prayed. See *Gilbert* v. *Thomas,* 3 *Ga.* 575; *Rice* v. *Tarver,* 4 *Ga.* 571; *Carter* v. *Jordan,* 15 *Ga.* 76; *Jordan* v. *Jordan,* 16 *Ga.* 446, 456; *Lavender* v. *Thomas,* 18 *Ga.* 668, 678; *Anderson* v. *Sego,* 19 *Ga.* 501; *Kendrick* v. *Whitfield,* 20 *Ga.* 379, 381; *Lawson* v. *Cunningham,* 21 *Ga.* 454; *Smith* v. *Iverson,* 22 *Ga.* 190; *Dew* v. *Hamilton,* 23 *Ga.* 414; *Bowman* v. *Long,* 27 *Ga.* 178; *Key* v. *Robison,* 29 *Ga.* 34; *Carswell* v. *Macon Mfg. Co.,* 38 *Ga.* 403, 406. In the case last cited, referring to the provision as it appeared in the constitution of 1868, it was said: "We do not think the constitution intends any more than this: to make a constitutional provision of what before rested in the decisions of the courts." Section 5527 of the Code of 1910 declares: "All petitions for equitable relief shall be filed in the county of the residence of one of the defendants against whom a substantial relief is prayed, except in cases of injunctions to stay pending proceedings, when the petition may be filed in the county where the proceedings are pending: Provided,

no relief is prayed as to matters not included in such litigation."
The exception noted in the code provisions just quoted was also
recognized before the adoption of the constitutional provision re-
quiring equity causes to be brought in the county where one of
the defendants against whom substantial relief is prayed resides.
*Carswell* v. *Macon Mfg. Co.,* supra. To quote again from this
case: "This rule does not apply to bills ancillary to suits at law,
as for discovery, injunction, etc. In such causes, so far as the
bill is merely defensive, and seeks no relief outside of the suit
pending, the county where the suit is pending has jurisdiction."
See also *Markham* v. *Huff,* 72 *Ga.* 874; *James* v. *Sams,* 90 *Ga.*
404 (17 S. E. 962); *Rounsaville* v. *McGinnis,* 93 *Ga.* 579, 581
(21 S. E. 123); *Moore* v. *Medlock,* 101 *Ga.* 94 (28 S. E. 836);
*Ray* v. *Home &c. Co.,* 106 *Ga.* 492 (32 S. E. 603); *Dawson* v.
*Equitable Mortgage Co.,* 109 *Ga.* 389 (2), 392 (34 S. E. 668). In
*Caswell* v. *Bunch,* 77 *Ga.* 504, the rule is said to proceed "upon
the idea that the party, by voluntarily instituting the suit, gives
the court of the county where the suit is instituted jurisdiction of
his person sufficient to answer all the ends of justice respecting the
suit originally instituted. Such equity proceedings are ancillary to
or defensive of the pending proceedings." In *Thomason* v. *Thomp-
son,* 129 *Ga.* 440 (59 S. E. 236, 26 L. R. A. (N. S.) 536),
it was ruled: "Where an execution has been levied on land,
and a claim is filed, and the papers are returned to the superior
court of the county where the land lies, for trial, that court has
jurisdiction of an ancillary petition in aid of the levy, instituted
by the plaintiff in execution against a claimant, irrespective of the
claimant's residence, as to matters germane to the issue involved
in the claim case." In *Crawley* v. *Barge,* 132 *Ga.* 96, 98 (63 S.
E. 819), it was said: "The exception stated in section 4950 [sec-
tion 5527 of the Code of 1910] can be upheld only on the theory
of waiver, that is, that where a party institutes a proceeding in a
county other than that of his residence, against a person residing
in such county, he submits himself, to the extent of such suit, to
the equitable jurisdiction of the superior court of the county in
which the suit is brought. . . But such defendant can not go
further and turn the case into a general equity suit against the
original plaintiff." From the foregoing it follows that if the
matters alleged and the relief prayed against the plaintiff in error

be germane to the issue involved in the suit in the .city court of Albany, the superior court of Dougherty county has jurisdiction of the present case, provided the waiver extends to the defendants in error, the plaintiffs in the equity suit below. If the defendants in error in an equity suit brought in the county of the residence of the plaintiff in error could have set up all the matters alleged in the present suit and could have obtained the relief prayed, it would seem that the matters are involved in and germane to the case pending in the city court of Albany. In other words, any matter germane to the equitable relief sought by the defendants in error in an ·independent suit brought against the plaintiff in error in the county of its residence may properly be regarded as germane to the issues involved in the suit in the city court of Albany. The whole purpose of the equity case in the superior court of Dougherty county was to enjoin the prosecution of the suit in the city court of Albany, the taking of judgment therein in accordance with the stipulation to confess judgment, entered into by the executor and the plaintiff during· the progress of the suit in the city court, and to set aside such agreement, to the end that the matter involved in that case could be determined upon its merits. In so far as the cancellation of the lien created by the agreement to confess judgment is prayed, the executor was a necessary party. *Brown* v. *Wilcox,* 147 *Ga.* 546 (94 S. E. 993). However, the inclusion of this prayer is not necessarily fatal to the jurisdiction of the court. In *Crawley* v. *Barge,* supra, it was said that the rule, "a suitor is not to be turned out of court for his much praying," is applicable only where the court has jurisdiction, but where certain prayers are not proper under the facts of the case made. It was there ruled that the petition in that case, if otherwise unobjectionable, "prayed for relief as to matters not included in the proceeding sought to be enjoined, and was, therefore, subject to demurrer on the ground of want of jurisdiction." There the trial court sustained the demurrer to the petition, and the effect of the ruling by this court was to hold that the judgment would not be reversed, inasmuch as the pleader made no effort to eliminate the objectionable prayer, and insisted upon his petition as a whole. In the present case the court overruled the demurrer, and we are not disposed to reverse the judgment. The matters set up in. the equitable petition and the relief

prayed were necessarily defensive to the suit filed in the city court of Albany. And even if the petition contained an objectionable prayer, objectionable only because certain relief sought could not be granted because of the failure to make the executor a party defendant, the judgment of the trial court in overruling the general demurrer filed by the defendant (plaintiff in error) will not be reversed.

Did the plaintiff in error, by instituting a suit in another county against the testatrix in her lifetime, to which her executor was made a party after her death, impliedly consent that the forum to which it applied for relief might adjudicate all matters between it and the legatees and devisees of the testatrix, germane to the litigation? In other words, did the waiver extend to the defendants in error, the whole estate having been devised to them. In *Crawley* v. *Barge,* supra, Chief Justice Fish, speaking for the court, said: "Whether the waiver of, or submission to, the jurisdiction referred to is only as to parties to the suit instituted, or as to all persons who may be affected by it, is a question which has not, so far as we are advised, been determined." In *Keith* v. *Hughey,* 138 *Ga.* 769 (2) (76 S. E. 91), it was ruled that "This waiver operates as to persons who are or properly become parties to such litigation." And it was there held: "A defendant in execution is not a party to a claim case; and the waiver which operates between the claimant and the plaintiff in fi. fa. does not authorize the defendant in fi. fa. to file an equitable petition against both of them, but praying substantial relief only against the claimant, in the county in which the claim case is pending, where the claimant resides in another county of this State." On the question here under consideration this court has committed itself to a strict construction of the exception contained in section 5527, supra. However, the legatees and devisees of the testatrix, who under the will took the entire estate, were not strangers to the litigation in the city court of Albany. A judgment against the executor will bind them. The executor represents them. *Winn* v. *Walker,* 147 *Ga.* 427 (94 S. E. 468), and cases there cited. The executor is himself insolvent, under the allegations of the petition. If a judgment is taken upon the agreement made between the executor and the plaintiff in the suit in the city court, the same can be satisfied only out of property devised to the defendants in

error. They allege collusion between the plaintiff in error and the executor; they also allege fraud after the facts, and the allegations of the petition in this respect are sufficient to withstand the demurrer. They also allege that the executor has assented to the legacies. We are of the opinion that the defendants in error, under all the allegations of the petition, were entitled to maintain the suit in the superior court of Dougherty county, and that the waiver made by plaintiff in error should not be restricted to the executor of the estate, who can not be actually affected by any judgment rendered against him in the case pending in the city court.

The remaining ground of demurrer requires consideration. The plaintiff in error contends that the executor had the right to compromise and settle doubtful and contested claims against the estate, under sections 3892, 4001, and 4004 of the Civil Code; that the executor agreed to a compromise settlement of its claim, stipulated to confess judgment if the compromise agreement was not carried out, and executed, in the same agreement, a lien upon specific property devised by the will to secure the payment of the compromise sum; that this agreement is binding upon the heirs; and that the executor acted with full knowledge of all the facts, and had the authority to make such agreement. The authority of the executor to compromise contested or doubtful claims for or against the estate represented by him is not questioned. This authority, however, is no warrant to an executor to enter into a collusive and fraudulent agreement and thereby bind the estate represented by him. Such compromise, if collusive and fraudulent, as charged in the petition, is no more binding than any other agreement, judgment, or decree obtained by fraud and collusion. On the important questions of jurisdiction and of parties involved in this case, our conclusions have not been reached without some misgivings; but upon the question last discussed we have no doubt.

From the foregoing it follows that the general and special demurrers to the petition, in so far as the petition prayed that the plaintiff be enjoined from proceeding further with the suit pending in the city court of Albany, and that equity take jurisdiction of the case, were properly overruled. In so far as the petition prayed for a decree in terms canceling the lien executed to plaintiff in

error, the special demurrer should have been sustained. The executor was a necessary party defendant for that purpose.

*Judgment affirmed in part and reversed in part. All the Justices concur.*