## BURKHALTER v. MINTER-SMITH HARDWARE COMPANY.

HILL, J. 1. "Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed, except that in cases of injunction to stay pending proceedings the suit may be

brought in the county where the proceedings are pending, provided no relief is prayed as to matters not included in such litigation. Civil Code, §§ 6540, 5527." *Amsler* v. *Lamar & Rankin Drug Co.,* 146 *Ga.* 635 (92 S. E. 55); *Stone* v. *King-Hodgson Co.,* 140 *Ga.* 487 (79 S. E. 120). And see *Bruce* v. *Neal Bank,* 147 *Ga.* 392 (94 S. E. 241); *Ruis* v. *Lothridge,* 149 *Ga.* 474 (100 S. E. 635). The case of *Home Mixture Guano Co.* v. *Woolfolk,* 148 *Ga.* 567 (1, 2) (97 S. E. 637), and similar cases cited by the plaintiff in error, are distinguishable from the case at bar.

2. Applying the principle ruled in the foregoing headnote to the facts of this case, the court did not err in sustaining the demurrer and dismissing the petition.     *Judgment affirmed.     All the Justices concur.*

No. 4630.    APRIL 18, 1925.

Equitable petition. Before Judge Sheppard. Tattnall superior court. October 20, 1924.

Minter-Smith Hardware Company, a resident of Candler County, brought suit in a justice's court of Tattnall County against W. T. Burkhalter, a resident of Tattnall County, on a promissory note for $84.51, with interest at seven per cent. from maturity. The defendant filed an answer to the suit and a plea of set-off to the extent of the court's jurisdiction. At the term following the court dismissed the answer filed by the defendant, on the ground that the answer sounded in tort and could not be set off against an action ex contractu, and entered judgment for the plaintiff for the amount sued for. The defendant entered an appeal to the superior court of Tattnall County, and pending the appeal he filed his equitable petition against Minter-Smith Hardware Company in the superior court of Tattnall County, and prayed for an injunction to enjoin the justice's court case and prayed that it be consolidated with the defense set up in his answer in the justice's court, and again alleged in the equitable petition that the plaintiff owed the defendant by way of damages growing out of the foreclosure of a mortgage on certain hogs belonging to the defendant, and in taking possession of the hogs, etc., which damages it was alleged exceeded the amount which Minter-Smith Hardware Company was seeking to recover against Burkhalter in the justice's court; and that the present action would avoid a multiplicity of suits. The defendant in the equitable action filed its demurrer to the petition, on the ground that the plaintiff was undertaking to set off a tort against a contract, which he could not do under the law; and because there was no equity in the petition, for the reason

that Minter-Smith-Hardware Company was a resident of Toombs County with a branch office in Candler County, and that the petition did not show that the Minter-Smith Hardware Company was insolvent. The court sustained the demurrer and dismissed the petition, and the plaintiff excepted.

*W. T. Burkhalter,* for plaintiff.

*Kirkland & Kirkland,* for defendant.