No. 40.—HENRY STRICKLAND, plaintiff in error, *vs.* POSEY MAD-DOX *et al.* defendants.

[1.] Where the Petit Jury, in a claim case, have returned a verdict, giving damages against the claimant, and the verdict is appealed from, and pending the appeal, the claim is withdrawn: *Held*, that the case goes on, as to the question of damages, and stands on the docket for trial as before, and no execution can issue for the damages until the appeal is disposed of.

Rule, in Cherokee Superior Court. Decided before Judge HOOPER, August Term, 1850.

The facts of this case are as follows : A claim case between Henry Strickland, plaintiff in *fi. fa.* H. H. Waters and I. R. Foster, defendants, and Posey Maddox, claimant, was tried before a Petit Jury, August Term, 1846, of Cherokee Superior Court, when the Jury found the property subject, and 10 per cent. damages, for which judgment was signed against the claimant and W. P. Hammond, security, on claim bond. From this verdict, the claimant appealed, and pending the appeal, withdrew his claim.

The plaintiff in *fi. fa.* then moved the Court, that the Clerk do issue execution against the said Maddox and his security, for the amount of the damages found by the Petit Jury.

This motion was refused by the Court, and plaintiff in *fi. fa.* excepted.

BROWN and PEEPLES, for plaintiff in error.

DOUGHERTY, for defendants.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] Henry Strickland, having an execution against Henry H. Waters and Ira R. Foster, caused it to be levied on a lot of land which was claimed by Posey Maddox. At August Term, 1846, of the Superior Court of Cherokee County, the Jury found the property in dispute subject to the *fi. fa.* with 10 per cent. damages, believing that the claim was interposed for delay. The claimant, Maddox, being dissatisfied with the verdict, entered an appeal in terms of the law. At August Term, 1847, of said Court, the *claim* was withdrawn. Application was recently made to James Jordan, the Clerk of the Court where the cause was pending, to issue an execution upon the *first* judgment, which he refused to do. An order was then applied for, to compel a compliance with this request, which the Judge of the Superior Court refused to grant; and it is to reverse this judgment that this writ of error is prosecuted.

The *appeal* being still in Court, undisposed of, we hold that the Court was right in denying the motion. *Attaway vs. Dyer and others,* 8 *Geo. Rep.* 184.

Judgment affirmed.