RENNEKER & GLOVER, plaintiffs in error, vs. SHADRACH J. McMICHAEL, defendant in error.

1. Where there has been no verdict for damages against a claimant, he may withdraw his claim, although the case be on the appeal.

*Fi. fa.* and claim. In Fulton Superior Court. Decided by Judge O. A. BULL. At the April Term, 1861.

The question made and presented for adjudication, in this case, grows out of the following state of facts :

On the 21st day of June, 1858, Renneker & Glover recovered a judgment in the Inferior Court of Fulton county, against John B. McMichael, for the sum of $1,301 85, principal, besides interest and costs. From this judgment a writ of *fieri facias* was issued, and on the 3d day of September, 1858, the *fi. fa.* was levied on a city lot on Whitehall street, in the city of Atlanta, upon which there was a large brick house, as the property of the said John B. McMichael.

Shadrach J. McMichael interposed his claim in due form, asserting that the property levied on was his, and the *fi. fa.* and claim were returned by the sheriff to the Superior Court of Fulton county, for a trial of the issue thus made.

The issue came up for trial on the appeal, having been carried to the appeal docket by consent. On the trial, the plaintiffs read in evidence their *fi. fa.*, with the levy on the same, and proved that the defendant, John. B. McMichael, was in possession of a part of the building at the time the levy was made; that in the year 1854 he bought the property for $6,000 00, one-half of which he paid in cash at the time, and took from the vendor a bond for titles ; that he afterwards paid the remaining half, and had made additions to and improvements upon the place, for all of which he paid ; that no deed had been executed to him for the property, because he would not produce the bond for titles, alleging that he had lost it.

The testimony closed, and after argument had been made on both sides, and the presiding Judge had charged the jury,

Renneker & Glover *vs.* McMichael.

counsel for complainant proposed to withdraw his claim, which the Court allowed him to do, despite the objections of counsel for the plaintiff, who insisted that it was their right to have the jury pass upon the question of delay and damages, and that claimant could not withdraw his claim, after an appeal, without the plaintiff's consent.

The decision allowing a withdrawal of the claim, is the error complained of.

EZZARD & COLLIER, for plaintiffs in error.

A. W. HAMMOND & SON, for defendant in error.

*By the Court*—LUMPKIN, J., delivering the opinion.

This Court has decided that a claim could not be withdrawn on the appeal, where there was a verdict for damages against the claimaint. But here, there has been no verdict of condemnation even, and no trial.

The point is not covered by the adjudication, and we (I can say for myself, hesitatingly) affirm the judgment of the Circuit Judge.

The difficulty with me grows out of the peculiar phraseology of our laws. The Claim Statute says, that where an appeal is entered, it shall be subject to the same regulations of ordinary appeals ; and one of these is, that *no person*, yes, no person, shall withdraw or dismiss an appeal, without the consent of the other. The question then occurs, can a plaintiff, in an ordinary case, dismiss his appeal ? Can he evade the language of the Act by submitting to a non-suit ?

Let the judgment be affirmed.