KENNEDY *et al. v.* JUHAN *et al.*

1. A head of a family who as such files a claim to property levied upon under an execution issued against him as an individual has the right to withdraw such claim, and upon his so doing the same presents no further obstacle to the progress of the execution. It does not, however, follow that the mere withdrawal of the claim renders the exempted property subject to the execution.

2. A judgment duly rendered is binding and conclusive upon a defendant therein, until set aside or reversed.

3. There was no error.

Argued June 19, — Decided August 4, 1897.

Petition for injunction. Before Judge Felton. Bibb county. March 11, 1897.

*Robert Hodges*, for plaintiffs.

*Dasher, Park & Gerdine*, for defendants.

COBB, J. A distress warrant in favor of Mrs. Juhan was sued out against Kennedy, and levied upon certain household furniture. Kennedy as trustee for his wife and minor child interposed a claim, alleging that the articles levied on were the property of the wife and child as beneficiaries "under and by virtue of a certain homestead exemption granted them" by the ordinary of Bibb county. The claimant gave a forthcoming bond signed by himself as principal, and Carling as security, conditioned to have the property forthcoming at the time and place of sale. When the case came on to be tried, the claimant, without the knowledge or consent of the beneficiaries, withdrew the claim, and judgment was rendered for costs against him. The plaintiff in fi. fa. then brought suit upon the forthcoming bond against the principal and security, reciting in detail the facts above stated, and alleging as a breach that, after due advertisement of the property for sale, the principal and security had failed to have it, or any part of it, forthcoming at the time and place of sale. The defenses set up to this suit did not prevail, and judgment was rendered against the defendants for a certain sum with costs. The fi. fa. issued upon such judgment was levied on certain personal property of similar character and description as that upon which the distress warrant was levied, in possession of Kennedy; and thereupon an equitable petition was brought by Mrs. Kennedy for herself and as next friend of her minor child, and by Carling, the security on the forthcoming bond, praying that the judgment dismissing the claim case be set aside and the claim be reinstated and tried upon its merits; that the fi. fa. issued upon the judgment obtained against Kennedy as principal and Carling as security on the forthcoming

bond be perpetually enjoined, and the judgment vacated; that Mrs. Juhan and the sheriff be enjoined from proceeding in any way with the said fi. fa. until the rights of the beneficiaries of the exemption are passed upon in the claim case. The court granted an order enjoining the levy of the fi. fa., but denied all the other prayers of the petition. Plaintiffs excepted, and allege here as error the refusal of the court to reinstate the claim case, and to enjoin the fi. fa. from proceeding against Carling as security.

1. Where an execution is levied upon property which has been set apart as exempt under the homestead and exemption laws, the head of a family may interpose a claim thereto as trustee for the beneficiaries. *Bartlett* v. *Russell*, 41 *Ga.* 196. When such a claim is filed, the head of the family stands upon the same footing as any other claimant, and is entitled to withdraw the claim at any time before a verdict or decision is rendered. Civil Code, § 4625; *Attaway* v. *Dyer*, 8 *Ga.* 184; *Mize* v. *Ells*, 22 *Ga.* 565; *Renneker* v. *McMichael*, 33 *Ga.* 94. Having the right to interpose a claim for the benefit of his wife and minor children, he stands in the same position as any other claimant, and may withdraw his claim under the same restrictions, and the withdrawal of such claim has the same effect as in case of such withdrawal by other claimants, that is, that the execution may proceed; but whether or not the property levied on is subject is not determined. The withdrawal of the claim did not and could not constitute a waiver of the homestead right, the head of the family having no authority, either by express stipulation or by implication, to waive the homestead right after the property has been set apart as exempt. The withdrawal of the claim did not, therefore, render the property subject to the execution. *Sharp* v. *American Freehold Land Mortgage Co.*, 95 *Ga.* 415. The order enjoining the execution from proceeding against the homestead property was necessarily the only proper one that could have been passed.

2. The plaintiff in fi. fa., notwithstanding the defenses filed, recovered a judgment in the city court of Macon, against Kennedy as principal and Carling as security on the forthcoming

bond, for a breach of the bond.　This judgment may have been improper and erroneous, but it was rendered by a court of competent jurisdiction, and is binding upon the parties until set aside or reversed.　Civil Code, § 5373; *Stewart* v. *Golden*, 98 *Ga.* 479.　That Kennedy and Carling are indebted to Mrs. Juhan is conclusively settled by this judgment, and it is immaterial what was the alleged cause of action upon which it is founded.　Mrs. Kennedy and her child, not being parties to the suit, are not bound in any way, either as beneficiaries of the exemption, or otherwise; and they are not precluded from appealing to the courts to protect their rights in the exempted property from invasion by the plaintiff.　Their rights in the exempted property are not by such judgment in any way impaired or affected.

3. There was no error in enjoining the execution from proceeding against the property claimed as exempt, and in denying the other prayers.

<em>Judgment affirmed.　All the Justices concurring.</em>