## ADAMS *v.* CARNES.

1. The privilege given by the statute to a claimant to withdraw his claim one
   time without the consent of the plaintiff in fi. fa. must be exercised be-
   fore a judgment has been rendered finding the property subject and as-
   sessing damages because the claim was interposed for delay only., and
   when, after such a judgment has been rendered in a justice's court, an
   appeal therefrom is taken to the superior court, the claimant has no right
   in the latter court to withdraw his claim, without the consent of the
   plaintiff.

2. There being in this case no finding by the jury as to the value of the
   property levied upon, the court erred in adjudging that the ten per cent.
   damages which they found against the claimant, because in their opinion
   the claim was filed for delay only, should be assessed upon the full amount
   of the execution; for, under the Civil Code, §4627, this can not be done
   unless the value of the property in dispute exceeds that amount, and in
   the absence of any finding that such is the fact there is no lawful basis
   for making such an assessment.

3. Inasmuch as the provisions of the code in relation to the assessment of
   damages for entering a frivolous appeal are necessarily applicable to those
   cases only in which money verdicts are rendered, and can not be enforced
   in claim cases, the court committed further error in giving judgment
   against the claimant for twenty per cent. of the amount of the execution,
   as damages for entering an appeal which the jury found was frivolous.

4. Since, however, the commission of errors in entering a judgment affords
   no cause for granting a new trial, but should be made the subject-matter
   of a direct bill of exceptions, the grounds of the motion for a new trial
   now under review, complaining of the errors pointed out in the two pre-
   ceding notes, were entirely without legal merit.

5. The evidence in this case demanded the verdict returned by the jury.
   This being so, the general grounds of the motion for a new trial afforded
   no reason for setting the verdict aside; and as the only special ground of
   that motion, other than those relating to the errors committed in render-
   ing the judgment, is based upon the refusal to allow the claim to be with-

drawn, which ruling was right, there was no cause whatever for granting a new trial, and the court erred in so doing.

Argued March 16, — Decided July 12, 1900.

Levy and claim. Before Judge Fite. Bartow superior court. August 5, 1899.

*James B. Conyers*, for plaintiff. *Thomas W. Milner*, contra.

LITTLE, J. An execution issued from a justice's court in favor of Adams against Carnes, for the principal sum of one hundred dollars, besides interest and cost of suit, and was levied on two mules as the property of the defendant, and a claim was interposed by Emma J. Carnes, his wife. On the trial of the issue in the justice's court, the property was found subject, with a judgment for damages, the justice having found that the claim was interposed for delay only. An appeal was entered to the superior court, and the jury there returned a verdict that the property levied on and claimed was subject, and that the claim was frivolous and intended for delay only, and assessed ten per cent. damages against the claimant. The jury also found that the appeal was frivolous. On this verdict a judgment was rendered in the superior court that the execution do proceed, and that the plaintiff in fi. fa. recover of the claimant $14.99 as damages because the claim was frivolous and intended for delay only, this sum being ten per cent. of the principal and interest appearing to be due on the fi. fa. It was also further adjudged that the plaintiff recover of the claimant the further sum of $29.98 as damages because the appeal was found to be frivolous and intended for delay only, this last sum being twenty per cent. of the amount of the execution. The claimant made a motion for a new trial, on the grounds that the verdict was contrary to law and evidence, and because the court erred in refusing to permit the claimant to withdraw her claim on the trial of the appeal in the superior court, it being the first withdrawal insisted on by the claimant. The motion also contained two other grounds which will be noticed below. A new trial was granted, and the plaintiff sued out a bill of exceptions, alleging that the court erred in granting a new trial. No cross-bill of exceptions, alleging error in entering the judgment, was sued out by the claimant.

1. There was no merit in the special ground of the motion for a new trial, alleging error in the refusal of the court to allow the withdrawal of the claim.   We are of the opinion that, after the case had reached the superior court on appeal from a judgment in the justice's court which had determined the property to be subject to the execution, and assessed damages because in the opinion of the justice the claim was interposed for delay only, the claimant had no right to withdraw her claim.   It is true that the Civil Code, § 4625, negatively grants the right to a claimant to withdraw or discontinue a claim one time without the consent of the plaintiff in execution.   Explanations have been attempted to be made of this provision of our statute, from time to time, which are not altogether satisfactory; but, without regard to the wisdom or justice of granting this privilege, this court is committed to the doctrine that it must be exercised before a judgment has been rendered assessing damages in favor of the plaintiff in execution.   *Attaaway* v. *Dyer*, 8 *Ga.* 184.   That case was tried when the laws providing for an appeal from one jury to another in the superior court were in force.   On the first jury trial the property was found subject, together with fifty per cent. damages for delay.   From this verdict the claimant appealed, and, after the appeal, moved to withdraw his claim.   The court ruled that it could not be done after such a verdict.   It is true that the appeal in that case was not made from a justice's court; but the principle ruled in the case is, that this privilege of withdrawal must be exercised before a judgment has been rendered which awarded damages to the plaintiff in fi. fa.   The ruling there made covers this case, because, undoubtedly, by the judgment of a court of competent jurisdiction the property in the case at bar had been found subject, and damages for delay awarded, and it was that very judgment which the claimant sought to have set aside by an appeal to the superior court. Clearly she could, within the restrictions imposed by law, have dismissed her appeal, but after an adjudication on the merits of the claim case, on a verdict finding damages against her for delay, and an appeal taken from the judgment rendered, there is not, as we understand the law, any privilege on the part of the claimant to withdraw her claim. · See *Strickland* v. *Mad-*

*dox*, 9 *Ga.* 196; *Parker* v. *Beeman*, 28 *Ga.* 475; *Renneker* v. *McMichael*, 33 *Ga.* 94.

2. One of the grounds of the motion for a new trial, above referred to, alleged that the judge erred in including in the judgment an award of the ten per cent. damages which the jury found against the claimant because in their opinion the claim was filed for delay only. We are of the opinion that in this respect the court did commit error, for there was no finding as to the value of the property levied upon. Indeed, there was no evidence on this subject. The Civil Code, § 4627, provides that on the trial of claims to property which are pending in the superior court, when damages shall be found by the jury, they shall be assessed upon the whole amount then due upon the execution, *provided* the value of the property in dispute exceeds the amount of the execution, and upon the value of the property when it is less than the amount of the execution which had been levied. In this case the damages which were found by the jury were assessed upon the whole amount of the execution, without any proof of the value of the property on which the execution was levied, or any finding by the jury as to this matter. In the absence of such a finding, no legal assessment of the damages could have been made; and the court, therefore, erred in assessing the damages on the amount of the execution.

3. In their verdict the jury declared that the appeal was frivolous and intended for delay; and the court thereupon entered a judgment also for twenty per cent. on the amount of the plaintiff's execution against the claimant. This, we think, was also error. By the Civil Code, § 4473, it is provided that, if on the trial of any appeal, except from a justice's court, it appears to the jury that the appeal was frivolous and intended for delay only, they shall assess damages against the appellant in favor of the respondent, for such delay, not exceeding twenty-five per cent. on the principal sum which they shall find due; and if the judgment of the superior court should be that an appeal from a justice's court is frivolous and intended for delay only, said court shall, in addition to the final judgment in the case, enter judgment against the appellant for twenty per cent. damages on said frivolous appeal. Evidently the presiding judge applied these provisions to the case at bar. In our opinion

they can not be made applicable to a claim case, but only to cases of appeal wherein the jury returns a verdict for a sum of money. This is undoubtedly correct, because the provisions of of the section are intended to impose a penalty on litigants who enter an appeal to the superior court on grounds which are frivolous, for the purpose of delaying the processes of the courts. In claim cases a separate provision to accomplish the same purpose is made by statute. In the trial of all claim cases the jury is invested with full power to fix such penalty on the claimant, in the nature of damages, as they think proper, not less than ten per cent., where it is determined that the claim is interposed for delay. The section which authorizes damages to be assessed for a frivolous appeal contemplates two classes of cases: The first is a case where the appeal is entered from a court other than a justice's court, where a verdict for money is rendered on the appeal. In such a case, if the jury are of the opinion that the appeal was frivolous and intended for delay, they shall assess damages against the appellant, not exceeding twenty-five per cent. on the amount they shall find to be due. The second is, that if on the trial of an appeal from a justice's court the judge of the superior court determines that the appeal was frivolous and intended for delay only, he shall, in addition to the final judgment, enter a judgment against the appellant for twenty per cent. damages. In each case a final money judgment must express a sum on which a given per cent. shall be assessed.

4. While it is clear that the court erred in the particulars pointed out in the two preceding divisions of this opinion, it was not permissible to attempt to review these errors by motion for a new trial. If anything is well settled, it is that the commission of errors in entering a judgment affords no cause for granting a new trial, but the same should be made the subject-matter of a direct bill of exceptions. It follows, without doubt, that the two grounds of the motion for a new trial now under consideration were entirely without legal merit, and that it was improper to set the verdict aside and grant a new trial for the reasons set forth in these grounds.

5. The verdict which the jury rendered in this case was absolutely demanded by the evidence. This being so, the general grounds of the motion for a new trial afforded no reason

whatever for setting the verdict aside; and having shown that the one special ground of that motion other than those relating to the errors committed in rendering the judgment, is based upon the refusal to allow the withdrawal of the claim, which ruling we have undertaken to show was correct, it follows that the motion for a new trial had not in it a single meritorious ground. The court, therefore, erred in setting aside the verdict; and this is so although this was the first grant of a new trial in this case.

*Judgment reversed.     All the Justices concurring.*