## Hood *v.* Hood.

Fish, C. J. 1. The general rule is that a proceeding at law will not be enjoined on the ground of want of jurisdiction in the tribunal in which the same is instituted.

2. An injunction will not be granted to restrain an official in the exercise of his judicial functions; the writ lies only against suitors in the proceedings before him. 16 Am. & Eng. Enc. L. 365; 22 Cyc. 787; 1 High, Inj. § 46; Joyce, Inj. § 545.

3. Where a husband and wife were living separately and no divorce suit was pending, and the wife brought a petition for alimony, under the Civil Code, § 2467, and thereafter brought, before the ordinary, a petition for habeas corpus against her husband, for the purpose of obtaining the custody of their minor children, and while this last-mentioned proceeding was pending the husband filed a suit for total divorce, and subsequently presented to the judge of the superior court a petition wherein he sought to enjoin the wife and the ordinary from proceeding in the habeas-corpus case, on the ground that the ordinary had no jurisdiction to issue the writ of habeas corpus and to decide the question thereby raised, and that the divorce case ousted any jurisdiction which he might otherwise have had, and if he should determine such question in favor of the wife, she might remove the children beyond the jurisdiction of this State, and prayed that the custody of the children should be awarded to the petitioner, and the wife be enjoined from interfering with his custody of them, there was no error in refusing to grant the injunction prayed for.

*Judgment affirmed. All the Justices concur.*

Argued February 17,—Decided June 22. 1909.

Petition for injunction. Before Judge Brand. Jackson superior court. December 21, 1908.

*R. L. J. Smith* and *John J. Strickland,* for plaintiff.

*J. A. B. Mahaffey* and *Shackelford & Shackelford,* for defend-- ant.