## STONE v. KING-HODGSON COMPANY.

1. "All petitions for equitable relief shall be filed in the county of the residence of one of the defendants against whom a substantial relief is prayed, except in cases of injunctions to stay pending proceedings, when the petition may be filed in the county where the proceedings are pending: Provided, no relief is prayed as to matters not included in such litigation."

2. The general rule is that an action at law will not be enjoined at the instance of one not a party thereto.

3. "An injunction will not be granted to restrain an official in the exercise of his official functions; the writ lies only against suitors in the proceedings before him."

4. This was a petition to enjoin a pending proceeding, where the plaintiffs in such proceeding resided in a county other than that in which it was pending, and where the petition was brought, and the relief prayed for was as to matters not included in the proceeding sought to be enjoined; and the petitioner was not a party to the pending proceeding.

5. The demurrer to the petition was properly sustained.

AUGUST 13, 1913.

Equitable petition. Before Judge Walker. Jackson superior court. February 15, 1912.

In December, 1911, Mrs. Eva B. Stone brought an action in the superior court of Jackson county against King-Hodgson Company, a partnership, all the members of which resided in Clarke county, and J. O. Stapler, C. E. Fleeman, J. P. Johnson, and J. J. Pace, residents of Jackson county; the substance of the petition being as follows: Petitioner is the owner of a described parcel of land upon which she resides and has resided for more than 15 years. About four years ago she was indebted to King-Hodgson Company in amounts aggregating less than $1,000, some of the amounts really representing indebtedness of her husband, E. A. Stone. One of the firm of King-Hodgson Company, together with their lawyer, came to her home to get her to sign what they told her was a mortgage deed to her land to secure said debt. The same was not read over to her, but as soon as her signature was obtained they immediately went away. They had been getting her to sign some mortgages the same year, or the year before, on her crops to pay her debts and those of her husband, and she was informed and thought this one was just like she had been signing. Her land at that time was worth more than $3,000; her husband had been cultivating it for her, and the crops were all gathered and brought to her home, except such as were sold. During the year 1911 she

heard that King-Hodgson Company claimed to hold a deed to her land. King-Hodgson Company, alleging themselves to be the land-lord of her husband, have sued out a possessory warrant against him, issued by J. O. Stapler, notary public and ex-officio justice of the peace, by virtue of which the crops of petitioner have been seized by C. E. Fleeman, constable. Immediately after such seiz-ure she went before Stapler and offered to file her claim to the crops, with bond in double their value, which she was willing and ready to give; but Stapler, acting under the instructions of coun-sel for King-Hodgson Company, refused to permit her to do this; whereupon she "then went before the justice in her own district, to wit, 1704 Dist. G. M., said county, and took out a distress warrant, and has had this distress warrant levied upon the same property in the field and ungathered, as well as some of the crops gathered, that was levied upon and seized by said C. E. Fleeman, L. C., as aforesaid, from said 253 Dist. G. M., said county, under said possessory-warrant proceeding issued by said King-Hodgson Company against said E. A. Stone [her husband], and the con-stable of the 1704 Dist. G. M., said county, under said distress warrant has the same property levied upon, and both claim they are entitled to hold the same or take bond for same; the said constable from the 253 Dist., G. M., said county is seeking to take the said property outside of said district, and while the constable of the 1704 will not turn it over except by giving a forthcoming bond for it, forthcoming at his court at the time and place of sale, and there is a conflict of authority between these two officers, that can not be reconciled and adjusted outside of a court of equity, and there is and will be a multiplicity of suits growing out of said situation." "At the time said supposed mortgage was given by her to said King-Hodgson Company, [petitioner] is informed that they also included all her stock, mules and horses, and wagons, and farming implements, to the value of five hundred dollars, in said instrument, and she is informed that said King-Hodgson & Company claim they also have a title to said personal property; but the same is your petitioner's property, encumbered only with a lien upon the same for whatever she herself might have been in-debted to said King-Hodgson & Company, and that all her said property both real and personal [is] worth more than $3,500; she has never received, either in payments of debts that she owed and

money, more than one thousand dollars, if that much on the same."
She "is informed and believes, and so charges, that said King-
Hodgson & Company have put in and included in said mortgage
deed that they obtained as aforesaid more than one thousand
dollars worth of indebtedness that her said husband owed, but that
she has only recently found this out; that she learned this some
time during the summer of 1911; that said King-Hodgson & Com-
pany, knowing that the land was hers and all the said personal
property was hers, deliberately planned to deceive your petitioner as
to the amount she owed them, and to get her said property for her
said husband's debts, and that even if she was liable for her hus-
band's debts, which she is not under the law, and which said King-
Hodgson & Company knew, the said property they claim to have
a mortgage deed on is worth more than $1,000, more than all said
debts." She "is informed, and so charges, that said King-Hodgson
& Company claim to have a straight deed from her to all said real
and personal property, and they claim that is the basis upon
which they are seeking to proceed with their said possessory-war-
rant proceedings, when in truth they have no such deed; and if
they have, petitioner was deceived by them in getting the same by
misrepresentations, and by getting her to sign something that was
represented to her as a mortgage, and conveying her property to
pay her husband's debts, and in signing which she would not be
absolutely deeding away her property but simply for the purpose of
securing what she might at the time have owed said King-Hodgson
& Company; she is further informed and charges that said King-
Hodgson & Company put in the paper she signed, which was not
read to her, more than $1,000 of debts they held against her said
husband, or debts that they bought up against him, and knowing
at the time that your petitioner was not liable for said debts and
that her property was not subject to said debts." She "further
says that she has been informed, and so charges, that the said King-
Hodgson & Company have threatened to try to evict her from her
said land, and claims that they will try to put her off said land
after January 1, 1912, when they have no right to do so." The
prayers of the petition are, that further proceeding of both the
possessory warrant and the distress warrant be enjoined; that the
justices of the peace who respectively issued them, and the con-
stables who respectively seized and levied upon the crops, all be

enjoined "from any further action on said cases;" "that said King-Hodgson & Company, as well as petitioner, be enjoined from prosecuting their several said cases in said justices' courts heretofore referred to; that there be an accounting between said King-Hodgson & Company and petitioner, and that any mortgage deed or other deed or conveyance they hold against petitioner, purporting to be signed by her to secure her indebtedness to them, be decreed by this court to be only a lien on said property to secure only what she was indebted to said King-Hodgson & Company when the same was signed, and that for all other purposes it be cancelled as null and void; that said King-Hodgson & Company be enjoined and restrained from interfering with the crops raised on said premises for the year 1911, and from interfering with her possession of the same for 1912, as she stands ready and willing to give a reasonable bond for what would be reasonable rent of said premises for 1912." There were also prayers for a temporary restraining order, for process, and for second original for Clarke county, to be there served upon King-Hodgson Company. An amendment to the petition was allowed, alleging that the petitioner holds the land under a deed from her father, who was in possession of the land for twenty years before he conveyed it as a gift to her. King-Hodgson Company demurred to the petition generally and specially. One of the grounds of demurrer was that it appeared from the petition that the demurrants resided in Clarke county, that no substantial relief was prayed against any of the defendants in Jackson county, and that therefore the superior court of that county had no jurisdiction of the case. The demurrer as a whole was sustained, and the petitioner excepted.

*W. W. Stark,* for plaintiff. *J. B. Gamble,* for defendant.

FISH, C. J. (After stating the foregoing facts.) The constitution of this State declares: "Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." Civil Code, § 6540. An exception is made by the Civil Code, § 5527, as to "cases of injunctions to stay pending proceedings, when the petition may be filed in the county where the proceedings are pending: Provided, no relief is prayed as to matters not included in such litigation." This exception is upheld only on the theory of waiver; that is, that where a party institutes a proceeding in a court of a county other than that of his residence,

against a person residing in such county, he submits himself, to the extent of such suit, to the equity jurisdiction of the county wherein the suit is brought. *Crawley* v. *Barge,* 132 *Ga.* 96 (63 S. E. 819). This waiver, however, extends only to matters included in the pending litigation against which injunction is sought; for, as was held in the case just cited, the defendant in the pending proceeding can not go beyond the matters therein included and convert it into a general suit in equity against the original plaintiff. As the defendant can not do this, certainly one not a party to the pending proceeding can not. Indeed, the general rule is that an action will not be enjoined at the instance of one not a party thereto, particularly where the judgment in the action will not conclude the rights of such person. 22 Cyc. 787. In the case at bar, the possessory warrant sued out by King-Hodgson Company was a pending proceeding (*Ellis* v. *Stewart,* 123 *Ga.* 242, 51 S. E. 321), but Mrs. Stone was not a party to it, and of course would not be bound by any judgment therein rendered. Granting, however, that she had rights, as to the crops—the subject-matter of the possessory warrant— which might in some way be adversely affected should the possession of the crops by the judgment of the court be given to King-Hodgson Company, the scope of her petition and the prayers thereof, as will readily be seen by reference to the statement of facts preceding this opinion, go far beyond the matters which could be included in any issues which could be properly made in the possessory-warrant proceeding. It necessarily follows, therefore, that the petition for injunction did not come within the exception provided by the Civil Code, § 5527, and that the superior court of Jackson county had no jurisdiction as to King-Hodgson Company, as all the members of that firm resided in the county of Clarke. Injunction to stay proceedings in courts of law is not directed against the court itself, but against the parties to the proceeding. *Hood* v. *Hood,* 132 *Ga.* 778 (64 S. E. 1074). Therefore injunction did not lie against the two justices of the peace who resided in Jackson county. Nor was any substantial relief prayed against the constables who resided in Jackson county, there being no allegations of misconduct against them.

It follows from what has been said that the court properly sustained the demurrer on the ground that it appeared from the petition that the superior court of Jackson county had no jurisdiction

of the defendants King-Hodgson Company, and no substantial relief was prayed against the other defendants.

*Judgment affirmed. All the Justices concur.*