*Brock, Sparks & Russell,* for defendants.

---

## WILLIE *et al. v.* WILLIE *et al.*

1. Equity cases must be tried in the county of the residence of one of the defendants against whom substantial relief is prayed.

2. The case at bar does not fall within the exception to the above general rule, which exception provides that, in cases of injunction to stay pending proceedings, the petition may be filed in the county where such proceedings are pending, provided no relief is prayed as to matters not included in such litigation.

3. Want of jurisdiction over the person, when apparent on the face of the bill, declaration, or petition, should be taken advantage of by demurrer.

4. The trial court properly sustained the ground of demurrer which set up its want of jurisdiction, because no substantial relief was prayed against the only resident defendant. In view of this ruling, the decision of the court on other grounds of demurrer is nugatory.

No. 3282. DECEMBER 15, 1922. REHEARING DENIED JANUARY 26, 1923.

Equitable petition. Before Judge R. C. Bell. Grady superior court. May 6, 1922.

*J. A. Pope* and *S. P. Cain,* for plaintiffs.

*M. C. Barwick,* for defendants.

HINES, J. 1. This was an equitable petition for injunction and relief, brought in Grady superior court. The only defendant who resides in Grady County is the Farmers & Merchants Bank of Cairo. Of the other defendants, two reside in Jefferson County, one in Fulton County, and one in the State of Florida. The de-

fendants demurred to the petition, among others, on the ground, that no substantial relief was prayed against the defendant residing in Grady County, and that for this reason the court was without jurisdiction to try the case. The court below sustained all the grounds of the demurrer, both general and special; and the case is in this court to review the judgment sustaining the demurrer.

Under the constitution and laws of this State, equity cases must be tried in the county of the residence of one of the defendants against whom substantial relief is prayed. Civil Code (1910), § 6540. Was any substantial relief prayed against the Farmers and Merchants Bank, the resident defendant?

W. A. Willie, of Jefferson County, died testate, bequeathing and devising to his wife, Mrs. A. H. Willie, all his property for life, and providing that, after her death, his executors should make an equal distribution of his estate among his children. He appointed his wife, and three sons, Edward N., Robert H., and Wallace J. Willie, executrix and executors, respectively, of his will. The will was probated on the first day of March, 1912, and E. N. Willie and the widow qualified as executor and executrix. The former continued as executor until the fall of 1917, when he was dismissed as such executor. Robert H. Willie is a nonresident of the State, never qualified as executor, and has disposed of his interest in the estate. W. J. Willie qualified as executor of the estate, and managed the same until his death in October, 1918. On January 10, 1918, he, as such executor, deposited, with the consent of Mrs. A. H. Willie, the life-tenant and executrix, $4,436.12 of the money of the estate in the Farmers & Merchants Bank of Cairo, taking therefor a certificate of deposit. With the consent of Mrs. A. H. Willie, he pledged said certificate with said bank, to secure his note of $3,309.71, acting under an agreement by which he was to cause to be paid to her the sum of $22.50 per month for her maintenance and for the purpose of carrying out the intention of the testator.

The testator left ten children. One of them, Mrs. J. P. Godbee, for a valuable consideration, relinquished to the other legatees all of her interest under the will. Six of said children, for a valuable consideration, prior to October 1, 1918, sold and conveyed to W. J. Willie all their interests under the will, thus giving to him a seven-tenths interest in remainder in said estate. He died in

44

October, 1918, leaving surviving him Mrs. W. J. Willie, his widow, and Alva Willie, his daughter, who are the plaintiffs in this cause. In 1918 the seven-tenths interest of W. J. Willie in said estate was set aside as a year's support for his widow and child, subject to any claims of said bank against said W. J. Willie.

On August 12, 1920, J. J. Willie paid to plaintiffs, as heirs of W. J. Willie, the sum of $732.61, which was deposited in said bank in the name of Mrs. W. J. Willie, with the understanding that the interest arising from such deposit should be paid to Mrs. A. H. Willie during her life, it being the purpose of plaintiffs to carry out the intention of testator to provide a sufficient amount to support his widow.

The estate of the testator consists of said sum of $4,436.22 so deposited in said bank, seven shares of the capital stock of the Bank of Louisville, supposed to be in the hands of the life-tenant, and three vacant lots in the town of Wadley. Mrs. A. H. Willie is left the sole executrix of said estate. She is eighty years of age, and as a result of her age is not capable of managing said estate and is susceptible to the undue influence of certain persons who have no interest in said estate. If said estate is continued in her charge, it is likely to be dissipated and wasted by those who have no interest in preserving it, and would be placed beyond the reach of the plaintiffs at the time of the life-tenant's death. It has become impossible to carry out said will, and it is to the best interest of life-tenant and plaintiffs, all of whom are dependent for support on said estate, that the superior court should take charge thereof, adjust all conflicting claims thereto, and by proper decree make disposition thereof.

Mrs. A. H. Willie as executrix has instituted suit in the city court of Cairo against said bank, seeking to recover the deposit made by said W. J. Willie therein, and also the deposit made by petitioner, Mrs. W. J. Willie. She contends therein that the sum deposited in the name of petitioner is a part of the estate of W. J. Willie which she is entitled to control; and that she is entitled to recover from said bank the sum deposited by said W. J. Willie and which he pledged as above set forth; and that the indebtedness due by him to said bank constitutes a claim against his estate, and not a lien or claim against the funds so deposited. The Farmers and Merchants Bank has filed its answer in said case, setting up the amount

advanced to W. J. Willie on said certificate of deposit. Said city court, being without equitable jurisdiction, is without power to adjust the differences growing out of said matters; and unless the superior court exercises its equitable jurisdiction, there will be a multiplicity of suits and the sum set apart for plaintiffs' year's support will be squandered, and in the event Mrs. A. H. Willie, executrix, is permitted to recover the money deposited by said W. J. Willie, free of any lien the bank may have against said sum, the same will result in the entire amount set aside as such year's support being subjected to said indebtedness.

Plaintiffs prayed, that the suit in the city court of Cairo be enjoined, " and all of said parties be remitted " to the superior court for assertion of their claims; that the executrix be required to file an inventory of all property of the estate; that the court take charge of the estate and adjust all claims of the defendants; that a sufficient sum be set aside for the interest of the life-tenant under the will; that the remainder be divided according to the interest of each party; that, after providing for the life-tenant and the division of the estate, the sum deposited in the name of said W. J. Willie be decreed and delivered to plaintiffs; that a sufficient amount from the sum awarded plaintiffs in the estate be decreed in the bank for the purpose of paying the note of W. J. Willie; that a temporary injunction be granted; and that such other relief be granted as might seem proper to the court.

From the above synopsis of the facts of this case, it does not appear that any substantial relief is prayed against the Farmers & Merchants Bank of Cairo, which is the sole resident defendant. Some relief in favor of said bank is prayed, but none against it. All the substantial relief prayed in the case is against the other defendants, who are non-residents of Grady County; and for this reason, the court was without jurisdiction to hear and determine this cause.

2. Nor does this case fall within the exception to the general rule laid down in the Civil Code (1910), § 5527, which declares that " in cases of injunction to stay pending proceedings, . . the petition may be filed in the county where the proceedings are pending: Provided, no relief is prayed as to matters not included in such litigation." This exception is not applicable to the case at bar, (1) because relief is prayed as to matters not included in

the suit in the city court (*Crawley* v. *Barge,* 132 *Ga.* 96, 63 S. E. 819); and (2) because the plaintiffs are not parties to the suit in the city court. *Stone* v. *King-Hodgson Co.,* 140 *Ga.* 487 (79 S. E. 122).

3. It is urged that the lack of jurisdiction over the defendants should have been urged by special plea to the jurisdiction; but want of jurisdiction, when apparent on the face of the bill, declaration, or petition, should be taken advantage of by demurrer. *Kendrick* v. *Whitfield,* 20 *Ga.* 379. So we are of the opinion that the court did right in sustaining the ground of demurrer based on want of jurisdiction over the persons of the defendants other than the bank, no substantial relief being prayed against it. In view of this ruling, the decision of the court on other grounds of demurrer is nugatory and of no force and effect.

*Judgment affirmed. All the Justices concur.*