## WALLER v. WALLER.

1. While it is true that where a wife files a petition for divorce and joins therewith an incidental prayer for the grant of alimony, and upon a trial the divorce is refused, this judgment carries with it a refusal of the alimony therein sought, nevertheless, where the wife is living separate and apart from her husband and has custody of a child which is the issue of the marriage, such wife is entitled to alimony for the support of such child, and the prior adjudication against the right of the wife to alimony is not a bar to a proper provision for the support of the child which the father is by law obliged to support, in an application in which alimony is asked for the support of the child.
2. In the circumstances above set forth the trial judge did not err in entering a judgment awarding attorney's fees and alimony to the wife for the express use of the minor child.

No. 5329.  December 21, 1926.

Temporary alimony.  Before Judge Meldrim.  Chatham superior court.  January 25, 1926.

Maude J. Waller filed a suit for divorce and alimony against her husband, Frank C. Waller, on July 14, 1924.  The defendant filed an answer denying the facts upon which his wife predicated her grounds for divorce, and also denying all of the statements of fact upon which his wife based her allegations as to his ability to pay alimony.  Upon an interlocutory hearing the judge of the superior court awarded the wife temporary alimony of $25 per month, payable $12.50 on the 6th and 21st of each month, and $25 as counsel fees.  This order was entered August 15, 1924; and the husband paid this alimony as ordered by the court until some time in August, 1925.  Upon the trial of the foregoing case the jury returned a verdict in favor of the defendant, thus refusing plaintiff's petition for a divorce.  The wife made a motion for a new trial, which she later voluntarily dismissed on December 22, 1924.  On January 16, 1926, the wife filed a petition for ali-

mony for the support of her child alleged to be the issue of the marriage. She alleged that this child was in her custody and had been since his birth, that she had nothing to rely upon for the support of said child, except her physical strength, while her husband, Frank C. Waller, "has a good position with the Central of Georgia Railway and is earning a fair salary." The petition further alleged that no action for divorce between the parties was pending, and prayed "that said Frank C. Waller be required to pay to petitioner reasonable alimony and support for his said minor child from August, 1925, and that she be allowed reasonable counsel fees." The judge issued a rule nisi, setting the case for a hearing on January 25, 1926, and after a hearing ordered the defendant to pay the plaintiff $20 per month as temporary alimony and $25 as attorney's fees. To this order the defendant excepted upon the ground that the rendition of the verdict of the jury, refusing a divorce, in the previous suit in which there was a prayer for alimony was a bar to the present proceeding, for the reason that the right to alimony fell with the divorce when the jury refused the petitioner a divorce. Upon the hearing before the judge the plaintiff testified that the parties were married on March 29, 1922, and separated on August 21, 1923, and have not lived together since that date; that her husband had done nothing for the support of their child since August, 1925; that the child was three and one half years old and was in her custody; that she took care of him, and had no means of support. A witness for the plaintiff testified that he knew the compensation for the kind of work done by Waller, and that Waller earned 65 cents an hour and worked eight hours per day, making at this rate $5.20 per day. The defendant introduced the petition in the former proceeding for divorce brought by his wife, the answer thereto, the order of August 15, 1924, allowing temporary alimony, the verdict finding in favor of the defendant on December 2, 1924, the motion for a new trial, and the entry of dismissal of that motion.

*Robert L. Colding,* for plaintiff in error. *J. R. Cain,* contra.

RUSSELL, C. J. The defendant in error filed a suit for divorce and alimony against the plaintiff in error. The judge entered an ad interim order for alimony and attorney's fees, but upon the trial of the case the jury returned a verdict in favor of the defendant (plaintiff in error in the case at bar). The wife made a

motion for a new trial, which she later voluntarily dismissed. Thereupon the husband ceased the payment of the alimony which had been previously awarded by the judge of the superior court. The wife then filed the petition involved in the case now before us, and asked alimony as an allowance for the support of the child which was the fruit of the marriage union. Upon her petition the trial judge made an allowance in the name of the mother, but expressly for the support of the child, of $20 per month, and for counsel fees. The exception is to this judgment.

The contention of learned counsel for the plaintiff in error is that under the ruling of this court in *Meadows* v. *Meadows,* 161 *Ga.* 90 (129 S. E. 659), the verdict of the jury in the prior suit for divorce precludes the right to recover in the proceeding for alimony now before us. In the *Meadows* case we held that where prayers for temporary and permanent alimony and attorney's fees are not based on the ground that the parties are living in a bona fide state of separation, but are incidental to a suit for divorce, a verdict refusing a divorce will carry with it the prayers for alimony and attorney's fees (*Brightwell* v. *Brightwell,* 161 *Ga.* 89, 129 S. E. 658, citing *Stoner* v. *Stoner,* 134 *Ga.* 368 (4), 67 S. E. 1030). We can not agree with the contention that the verdict of the jury in the present case precluded any right on the part of the wife to recover alimony for the support of the child. Under the provisions of the Code section with reference to the rights of the wife to alimony (C. C. § 2986), we are not called upon at this time to decide whether an adjudication at one period in which the wife might be refused alimony would be a bar to any subsequent application made by the wife based upon different circumstances from those which obtained at the time a former application for alimony was declined. It is not necessary now to determine in this case, under the rulings in the *Brightwell* and *Meadows* cases, supra, whether the failure of the wife at one time to obtain alimony for herself would at some future time prevent an allowance of alimony to a wife who was still the wife of her husband because the marital relation had never been dissolved. Nothing ruled in the *Brightwell, Meadows,* or *Stoner* case in any way affects the decision of the point presented in the case at bar. The only question before us in this case is whether the refusal of the jury to grant the wife a divorce where application was made for ali-

mony as incidental to the suit for divorce, and in which this court very properly held that the alimony would fall with the failure to obtain divorce, will prevent the grant of an application for alimony for the support of children issue of the marriage where the undivorced parents are living separate and the child or children are in the custody of the mother. In the application for divorce and incidental alimony which was refused by the jury, the wife asked alimony for herself alone. In the petition for alimony presented in this case the allowance was expressly sought and granted solely for the support of the minor child. Nothing more was ruled in the cases cited by counsel than that where a wife asked alimony as an incident to the divorce, and the application for alimony was not based upon the ground that the parties were living in a bona fide state of separation, a verdict refusing the divorce would carry with it the prayers for alimony and attorney's fees. Clearly that was a ruling confined to the precise point in the case. It can not be construed as a holding as to whether the wife would be debarred from subsequently asking alimony for herself, with proper allegations alleging a state of actual and bona fide separation between the husband and wife. So the issue in this case is reduced to the single proposition as to whether the judge erred in granting alimony for the support of the child of the plaintiff in error, of which the mother has care and custody, while the parents are living apart from each other. As the father is by law required to support the child, unless by some judgment otherwise the mother has assumed or had placed upon her the liability for its support, it seems plain that the trial judge did not err in granting the judgment allowed in this case. No misconduct of the mother will deprive an infant of its right to be supported by its father. Likewise, such infant can not be debarred of its rights in this respect by any judgment against its mother, even though incidentally and practically such infant might have been in a degree affected by the result of the judgment against its mother. So we hold that even though a mother might be altogether deprived of any right to alimony, no matter upon what grounds the judgment might be predicated, such wife and mother, having the custody of a child of her husband, and who is living separate and apart from her husband, is entitled to apply for alimony for the support of such child and to receive such allowance for this purpose as is neces-

sary in the opinion and discretion of the court to which the petition is addressed.

That a distinction and difference exists between the rights of the wife to alimony and those of children of the marriage to like support, see *Rochester* v. *Rochester,* 124 *Ga.* 993 (53 S. E. 399); *Edmondson* v. *Edmondson,* 128 *Ga.* 53 (2) (57 S. E. 308); *Coley* v. *Coley,* 128 *Ga.* 654 (2) (58 S. E. 205).

*Judgment affirmed. All the Justices concur.*