*Hall, Grice & Bloch,* for plaintiff.
*Park & Strozier,* for defendant.

HORTON *v.* HORTON.

No. 7341.   JULY 17, 1930.

*John K. Davis,* for plaintiff.

*W. H. Trawick* and *F. A. Irwin,* for defendant.

Russell, C. J. (After stating the foregoing facts.)

The first complaint is that the court had no right to postpone or defer his judgment until after further hearing in the case would throw more light upon it and its circumstances. We can not say that the court erred in attempting to get all possible evidence before him in the matter, in order to get at the real facts of the case which he was to adjudicate. So far from considering this to be error, we are rather of the opinion that the practice of more carefully investigating all the facts, as far as possible, in preliminary and interlocutory hearings is to be strongly commended. Nor can we agree to the second contention that the judgment was rendered to punish plaintiff for taking said children to her parents' home beyond the jurisdiction of the court. There is nothing in the record sustaining it. There is no declaration of the court that this was his purpose, nor any circumstance at the hearing to indicate such an intent or afford the basis for such a suspicion. This exception can not be sustained.

Plaintiff in error contends the judgment was illegal in changing the custody of two of the children when they were out of the jurisdiction of the court, and that the court did not have jurisdiction over them, and further that the father had abandoned them by failing to take steps to get custody. It must be borne in mind that plaintiff brought the present proceeding. It was not a suit for divorce and alimony nor a proceeding for alimony for the wife, but only a proceeding to force the husband to furnish support for his children, under the denomination of alimony for the children. It appears that the wife carried the children from their home in Polk County to that of her parents in Spalding County. Since the defendant lived in Polk County, it would seem that the proceeding was brought in the proper jurisdiction, regardless of the residence of the plaintiff and the children. By bringing the proceeding in Polk County the plaintiff certainly submitted herself and her children to the jurisdiction of the superior court of Polk County. In this case, custody of the children is merely incidental. The

proceeding was to recover means for their support. The parties in this case appear to be very poor. The wife was asking that the burden of maintenance of these children be placed upon the husband, but the evidence justified the court in finding that it would be very hard for the defendant, with his limited earnings, to furnish money to the wife living apart from him. It appears that the defendant moved to the home of his parents after his wife left him, who seem to be in more comfortable circumstances than the defendant. Being grandparents of said children, it may be inferred that they will give the children the best care and attention possible, notwithstanding the apparent worthlessness of their father. So we can not say the court abused his discretion in committing these children to the custody of their father, which in fact is to their grandparents as the situation appears to be. The court thereby afforded the mother some relief from the burden which legally devolved upon the father more than upon her, and the children it appears will be provided for at least as well in Polk County as in Spalding. We further think the amount of alimony granted for the support of the child awarded the mother was adequate when the father's limited earnings are considered, and that the other allowances are similarly proper under the circumstances of the case, and that the exception on this point is without merit. For reasons already indicated there is also no merit in exception (e). The fact that the court in his judgment does not state that he was looking to the best interest of the children does not import that the court rendered his judgment without considering their best interest. Of course the court should always have that in mind. And while the evidence, as pointed out in exception (f), abundantly establishes the character of the mother with respect to the children, their care and best interest, we can not hold that the evidence so overwhelmingly shows it to be to the interest of the children for the custody to be with the mother as to require a reversal of the finding that this custody be with the father.

■ There was no error in excluding the evidence set forth in the second exception to the judgment. The testimony of the affiants was to the effect that the mother was industrious and energetic and solicitous of the welfare of her children. However, the purpose of the proceding was to tax the husband for the support of the children, and to determine the earning ability of the husband.

Her earning capacity shed no light on his, and was irrelevant upon that point. The industry of the mother was not involved, as it does not appear whether she could obtain permanent employment or how much she earned; though it does appear that she received very little for very heavy labor.

■ The testimony to the exclusion of which exception is taken in the third ground of the bill of exceptions was, in our opinion, properly excluded. It throws no light upon the question of the defendant's ability to support his children, and on character it was merely circumstantial as to what the defendant intended to do on the occasions referred to.

■ The grounds of demurrer to the answer of defendant, which were overruled, were without merit, and hence the exception upon this point does not show error.

*Judgment affirmed. All the Justices concur.*