### Askew *et al. v.* Bassett Furniture Company *et al.*

Gilbert, J. 1. "All petitions for equitable relief shall be filed in the county of the residence of one of the defendants against whom a sub-. stantial relief is prayed, except in cases of injunction to stay pending proceedings, when the petition may be filed in the county where the proceeding is pending: Provided, no relief is prayed as to matters not included in such litigation." Civil Code (1910), §§ 5527, 6540; *Burkhalter* v. *Minter-Smith Hardware Co.,* 160 *Ga.* 307 (127 S. E. 852).

2. Other than such defendants as are non-residents of the State, the equitable petition joins as defendants the superintendent of banks suing for Hogansville Banking Co., the judge of the city court of LaGrange, the attorney at law who filed separate suits in the city court and the suit in the superior court by the superintendent of banks in behalf of the Hogansville Banking Company. The only relief prayed against the judge of the city court and the attorney is for injunction to restrain them from proceeding with the suits named.

(*a*) "An injunction will not be granted to restrain an official in the exercise of his judicial functions; the writ lies only against suitors in the proceedings before him. 16 Am. & Eng. Enc. L. 365; 22 Cyc. 787; 1 High, Inj. § 46; Joyce, Inj. 545." *Hood* v. *Hood,* 132 *Ga.* 778 (2) (64 S. E. 1074); *Stone* v. *King-Hodgson Co.,* 140 *Ga.* 487 (3) (79 S. E. 122).

(*b*) There is no substantial relief prayed against the attorney at law. If he is enjoined, the suits would remain and could proceed unless the plaintiffs themselves were enjoined. Compare *Ruis* v. *Lothridge,* 149 *Ga.* 474 (100 S. E. 635).

(*c*) The superintendent of banks is a State officer appointed by the Governor and confirmed by the Senate. Ga. Laws 1919, pp. 135, 138; Michie's Code, § 2366(8). Against such officer a suit for malicious abuse of process can not be maintained. Compare *Davis* v. *McMillian,* 154 *Ga.* 803 (115 S. E. 494). The sovereign State can not be charged with malice. The State acts only through its officers. The plaintiff,

therefore, can not obtain jurisdiction of non-residents by joining in the suit the superintendent of banks. *Warren* v. *Rushing*, 144 *Ga.* 612 (87 S. E. 775), and cit.

3. It follows from what has been ruled above that the court did not have jurisdiction of any of the defendants who were non-residents of the State, by reason of including in the petition the superintendent of banks, the judge of the city court of LaGrange, and the attorney at law.

4. The several suits pending in the city court, which petitioners seek to enjoin, were filed by different plaintiffs residing in different States, on separate and distinct transactions had with petitioners. No connection or common interest between them or any two of them is alleged. The petition was therefore subject to the demurrer attacking it on the ground that there was a misjoinder of parties and causes of action.

5. The sole equitable relief sought is a recovery ex delicto against all of the non-resident defendants, to be set off against the amounts constituting the basis of the several suits in the city court. The alleged acts of the several non-residents, for which a recovery is sought, are matters not included in the city court suits, and for that reason the court did not err in sustaining the demurrer. To allow such a suit would be to confer equity jurisdiction generally, under the Civil Code (1910), § 5527, which "would be in direct conflict with the constitution." *Crawley* v. *Barge*, 132 *Ga.* 98 (63 S. E. 819); *Butler* v. *Holmes*, 128 *Ga.* 333 (57 S. E. 715), and cit.; Pennoyer *v.* Neff, 95 U. S. 714 (24 L. ed. 565).

6. In *Hecht* v. *Snook & Austin Furniture Co.*, 114 *Ga.* 921 (41 S. E. 74), this court merely decided that affirmative equitable relief could not be granted in the city court of Atlanta; and therefore, if there is anything in the opinion in that case which may seem to conflict with what is here held, such expressions are obiter dicta. In *Moore* v. *Medlock*, 101 *Ga.* 94 (28 S. E. 836), *Home Mixture Guano Co.* v. *Woolfolk*, 148 *Ga.* 567 (97 S. E. 637), *Willie* v. *Willie*, 154 *Ga.* 688 (115 S. E. 257), *Levison* v. *Gordy*, 157 *Ga.* 670 (122 S. E. 234), and similar cases, it was held that a court of equity would enjoin pending suits in courts not empowered to grant equitable relief, the suit being permitted to proceed only as to such matters included in the litigation sought to be enjoined. Rulings made in divorce cases stand upon a different footing from the question here involved. The status of the marriage relation has been dealt with somewhat in the nature of a proceeding in rem.

7. We expressly make no ruling upon the question of service of the petition, since such a ruling, because of what has been said above, is unnecessary.

8. The injunction was properly refused, and the petition dismissed on general demurrer.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Hines, J., who dissent.*

No. 8205. MAY 13, 1931.

*L. L. Meadors* and *Duke Davis,* for plaintiffs.

*E. T. Moon,* for defendants.