*H. L. Williams* and *C. W. Heath,* for plaintiff.

*J. H. Highsmith,* for defendant.

BREEDEN *et al.* v. BREEDEN.

DUCKWORTH, Presiding Justice.  1.  "An injunction will not be granted to restrain an official in the exercise of his judicial functions; the writ lies only against suitors in the proceedings before him." *Hood* v. *Hood*, 132 *Ga.* 778 (2) (64 S. E. 1074); *Stone* v. *King-Hodgson Co.*, 140 *Ga.* 487 (3) (79 S. E. 122); *Askew* v. *Bassett Furniture Co.*, 172 *Ga.* 700 (2-a) (158 S. E. 577). It follows that the petition of the husband, seeking to enjoin the ordinary from acting on the wife's petition for a writ of habeas corpus and to enjoin the wife from prosecuting the action, was subject to the ground of general demurrer of each defendant that the ordinary was not subject to the writ of injunction, but the petition was sufficient to withstand the other grounds of the demurrers.

2. The assignment of error upon the admission in evidence of certain allegations of the sworn petition of the husband, seeking to enjoin the ordinary and the wife as above mentioned, upon the ground that such allegations were mere conclusions and not allegations of substantive facts, is without merit, the record showing that the court, acting without a jury, admitted the same only "for whatever light it may throw upon the question of law in the case."

3. The court did not err in admitting in evidence the petition filed by the wife and the record of the other proceedings between the parties, with judgments therein, over objection that the husband's petition seeking an injunction showed that the action of the wife in the superior court had been properly and legally dismissed and could not be the basis for the relief now sought, the husband's petition showing merely an attempted dismissal by the wife which, as ruled hereinafter in headnote 5, was ineffectual.

4. A wife living in a bona fide state of separation from her husband may maintain against the husband an action in the superior court for alimony for the support of their minor child, which the father is by law obliged to support, and in the same action may seek the custody of the child. *Waller* v. *Waller*, 163 *Ga.* 377 (136 S. E. 149); *Horton* v.

*Horton,* 170 *Ga.* 766 (154 S. E. 365); *Brown* v. *Cole,* 196 *Ga.* 843, 846 (28 S. E. 2d, 76).

5. Where, in an action like that above mentioned, the wife obtained an award of alimony for support of the child and the temporary custody of it by an order wherein jurisdiction was retained for further disposition of the child, and subsequently the court, on application of the father, entered an order awarding the custody of the child to him "until the final determination of the case on July 4, 1947," an entry by counsel, at the direction of the wife, of a dismissal on the original petition was ineffectual after the entry of judgment awarding the custody of the child to the father until a final hearing, and jurisdiction of the subject-matter and of the parties remained in the superior court. *Adams* v. *Carnes,* 111 *Ga.* 505, 507 (36 S. E. 597); *Black* v. *Black,* 165 *Ga.* 243 (2) (140 S. E. 364).

6. While the ordinary and the judge of the superior court have equal and concurrent jurisdiction in a habeas corpus proceeding between husband and wife involving the custody of their child (Code, § 50-103; *Duke* v. *Duke,* 181 *Ga.* 21, 181 S. E. 161), it is the general rule that, where two courts have such concurrent jurisdiction over the subject-matter and the parties, the court first taking jurisdiction will retain it unless some good reason be shown for equitable interference. Code, § 37-122; *Ponder* v. *Ponder,* 198 *Ga.* 781 (32 S. E. 2d, 801). The superior court having acquired jurisdiction of the question of the custody of the child in the present case, it retained that jurisdiction for the purpose of rendering on July 4, 1947, a final judgment as to the custody of the child, the attempted dismissal by the wife of the proceeding being ineffectual, and the ordinary of the county, to whom the wife presented a petition for the writ of habeas corpus, was without jurisdiction to act upon the petition. Accordingly, the superior court did not err in enjoining the wife from prosecuting the habeas corpus action before the ordinary. Code, § 55-103.

7. Since, as ruled in headnote 1, an injunction will not be granted to restrain an official in the exercise of his judicial functions, that part of the judgment enjoining the ordinary from acting in the habeas corpus proceeding was error.

*Judgment affirmed in part, and reversed in part. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*

No. 15950. OCTOBER 16, 1947.

*Malcolm C. Tarver,* for plaintiffs·in error.
*Ernest McDonald,* in *propria persona.*
*Hardin & McCamy,* contra.