## 52236. SIMPSON v. AMERICAN NATIONAL BANK OF BRUNSWICK et al.

MARSHALL, Judge.

Appellant Simpson brings this appeal from the action of the Superior Court of DeKalb County dismissing his complaint as to all defendants. His sole enumeration of error is that there was no legal basis for the dismissal of the complaint.

Simpson is a stockholder of Coastal Resorts of America, Inc. Coastal Resorts was sued in the State Court of DeKalb County by American National Bank of Brunswick and in a second suit in the same court by the Trust Company Bank. Each of the suits averred that Coastal Resorts was indebted to the banks for real estate development loans and that each indebtedness was evidenced by a past due promissory note. In addition, certain named individuals, including the appellant Simpson, were named as parties defendant in the two separate suits. The named individual defendants were sued upon their guaranty agreements wherein each guarantor, including Simpson, agreed to be jointly and severally liable for the indebtednesses of Coastal Resorts should that principal debtor become in default. Simpson was notified in writing by each bank that the debt of Coastal Resorts was in default and that the banks were seeking payment in full including accrued interest and attorney fees as provided in the notes and letters of guaranty.

After suits had been filed in the State Court of DeKalb County and answers filed by some, if not all, of the defendants, Simpson instituted the present suit in the DeKalb Superior Court against the two plaintiffs (banks) in the suits in DeKalb State Court and named as parties

defendant, some, if not all, of the officers of Coastal Resorts, including the co-guarantors of Coastal Resorts promissory notes (who also were named as defendants in the suits instituted by the banks). A portion of Simpson's suit was equitable in nature. He sought the appointment of a receiver of the assets of Coastal Resorts, a temporary restraining order against the further pursuit of the two suits in the DeKalb State Court, reformation of the promissory notes and guaranties, and a declaratory judgment concerning his liability. In substance, Simpson alleged that the corporate officers of Coastal Resorts had abandoned the interests of the corporate defendant (allegedly because of their misconduct); that the plaintiff banks, in connivance with the corporate officers of Coastal Resorts, together with the corporate officers and the entity Baldwin Cheshire (another defendant), fraudulently misled and induced Simpson to become involved in Coastal Resorts' indebtedness in his capacity as a stockholder and officer of Coastal Resorts as well as guarantor of Coastal Resorts business enterprises and that Coastal Resorts did not receive any consideration for its promise to pay. He further alleged that because of fraudulent or surreptitious agreements between the banks and the other named defendants, a novation was effected resulting in a release of Simpson. Finally, he asked for a declaratory judgment as to his liability.

The Superior Court of DeKalb County denied the requests for appointment of a receiver, temporary restraining order, declaratory judgment, reformation, and all other requests by Simpson. It granted the appellee's oral motion to dismiss the complaint for failure to state a claim.

Simpson expressly does not appeal from the denial of his requests for appointment of a receiver and for a temporary restraining order, but limits his appeal to the court's denial of other relief for which he prayed in his complaint. *Held:*

The remainder of Simpson's complaint is that the contract be "reformed" by adding all the signatures of persons whom he believed were to be joint guarantors with him, and that, for this reason as well as improper inducements, he is entitled to judgment declaring him not

liable. There is nothing exclusively equitable in these requests because reformation is not necessary to provide the relief sought. We see no reason why these matters may not be raised as legal defenses in the state court actions. *English & Co. v. Thorn,* 96 Ga. 557, 561 (23 SE 843); *American Security Co. v. Miller,* 173 Ga. 82, 83. Code Ann. § 37-120 provides: "Equity will not take cognizance of a plain legal right where an adequate and complete remedy is provided by law."

The suit filed by Simpson involves identically the same promissory notes and guaranties as are involved in the two suits filed against him in DeKalb State Court by American National and Trust Company Banks. The parties are the same. Thus, since the two state court actions are still pending, Simpson's complaint appears to be duplicative.

It is the general rule that, where two courts have concurrent jurisdiction over a subject matter and the parties, the court first taking jurisdiction will retain it unless some good reason be shown for equitable interference. Code Ann. § 37-122 (4540); *Ponder v. Ponder,* 198 Ga. 781 (1) (32 SE2d 801); *Breeden v. Breeden,* 202 Ga. 740 (6) (44 SE2d 667). No such good reason has been demonstrated in this case.

Since Simpson is a party to two suits at law in which his claims and defenses may be asserted, the Superior Court of DeKalb County properly dismissed the second suit as being duplicative.

*Judgment affirmed. Pannell, P. J., and McMurray, J., concur.*

Argued June 8, 1976 — Decided
June 21, 1976.

*Spearman, Thrasher & Costanzo, William Lewis Spearman,* for appellant.

*Sidney L. Moore, Jr., William G. Vance, John M. Bovis, Lipshutz, Zusmann, Sikes, Pritchard & Cohen, Bartow Cowden, III, Charles E. Lamkin, Robert K. Broome, Nicholson & Meals, Robert N. Meals, King & Spalding, Charles M. Shaffer, Jr., David G. Crockett, M.*

*T. Simmons, Jr.,* for appellees.